Day, J.
 

 The sole question for determination in this controversy is whether or not the common pleas judge in any county in this state, in a transitory tort action, has jurisdiction to hear and determine such controversy where both the plaintiff and the defendant are nonresidents of Ohio, the cause of action having arisen outside the state of Ohio, and it not appearing that there is property of or debts owing to the defendant in any county in Ohio, but where proper and lawful service of summons is made upon the defendant in a county of the state, in accordance with Section 11276, General Code.
 

 A determination of this case requires us to review the history of this section. It was originally adopted with the Civil Code in 1851 (51 Ohio Laws, 65), and is Section 52 of the Code of Civil Procedure, then adopted. It read as follows:
 

 “An action other than one of those mentioned in the first three sections of this chapter, against a non-resident of this state or a foreign corporation, may he brought in any county in which there may be property of, or debts owing to, said defendant,
 
 *396
 
 or where said defendant may be found; but if said defendant be a foreign insurance company, the action may be brought in any county, where the cause or some part thereof, arose.”
 

 With slight variation in punctuation and phraseology, it appears in Swan
 
 &
 
 Critchfield’s Statutes at page 960; in the Revised Statutes of 1880, as Section 5030; in 94 Ohio Laws, 270, as Revised Statutes, Section 5027; and in 95 Ohio Laws, 203, as Revised Statutes, Section 5027 (Section 5027, Revised Statutes of 1880, is now Section 11273, General Code). As it appears in the General Code to-day, Section 5030, Revised Statutes of 1880, is Section 11276, and reads as follows:
 

 “An action other than one of those mentioned in sections eleven thousand two hundred and sixty-eight, eleven thousand two hundred and sixty-nine, eleven thousand two hundred and seventy and eleven thousand two hundred and seventy-one against a nonresident of this state, or a foreign corporation, may be brought in any county in which there is property of, or debts owing to the defendant, or where such defendant is found, or where the cause of action or some part thereof, arose.”
 

 It is argued that the words “such defendant” apply to a defendant who has property or debts owing in any county, in which event he may be sued in the county where such property or debts owing are located, or in any other county of the state where he may be found; in other words, that a non-resident defendant who has property or debts owing him in this state may be sued in any county where ‘ * found. ’ ’
 

 Such construction, in order to reach a nonresident defendant, would require that there be prop
 
 *397
 
 erty of or debts owing to tbe defendant in some county of the state. We cannot accept this view. Surely no citizen of this state, in order to sue a nonresident defendant found in this state, would first have to locate property or debts owing to the defendant in the state. Nor can a non-resident be required so to do under the statute.
 

 Our conclusion is that, where there is personal service upon a nonresident defendant in a transitory tort action, which may have arisen in another state, such service is good, and the courts of this state would have jurisdiction even though the action be brought by a nonresident.
 

 Much is said in argument and briefs of counsel with respect to Section 11273, General Code, which relates to actions against railroad companies, interurban, suburban, or street railroad and stage companies, and concerning which this court, in
 
 Loftus
 
 v.
 
 Pennsylvania Rd. Co.,
 
 107 Ohio St., 352, 140 N. E., 94, and
 
 Baltimore & Ohio Rd. Co.
 
 v.
 
 Baillie,
 
 112 Ohio St., 567, 148 N. E., 233, has already spoken. Those decisions do not apply in the instant case. In passing, however, it may be well to note that in the syllabus in the
 
 Loftus case,
 
 concurred in by the entire court, it is held that the amendment to Section 11273 limits the provisions of Section 11276, but does not operate as a repeal of the same or any part thereof.
 

 The courts of common pleas of this state are given such jurisdiction as is provided by law, to wit, by the acts of the Legislature.
 

 That body having specifically given the court of common pleas jurisdiction in the character of action presented in this case, as set forth in Section 11276,
 
 *398
 
 General Code, it follows that the rule of discretionary power of the courts to entertain jurisdiction, applicable in other states, does not apply here.
 

 We have given consideration to this question, and have been aided by the exhaustive note in 32 A. L. R., 6, where the cases are collected and discussed, upon the subject of the power of the court in the exercise of discretion to refuse to entertain actions for transitory torts accruing in another state. In some states-this rule of discretionary power is recognized, but the statutory and constitutional provisions of this state are such that we cannot adopt the rule. The language in the opinion of the case of
 
 Herrmann
 
 v.
 
 Franklin Ice Cream Co.,
 
 114 Neb., 468, 208 N. W., 141, 142, is apt:
 

 “Whether the courts of this state, in their discretion, may entertain or refuse to entertain jurisdiction in a transitory action, brought by a non-resident, must be determined by statutory and constitutional provisions. The decisions of other courts, save as they construe similar provisions, afford no precedent or guide in reaching a decision on the question herein involved. It is conceded that if plaintiff were a resident and citizen of Nebraska the court could not decline to entertain jurisdiction. Plaintiff is a resident, and presumably a citizen, of the state of Missouri. Section 2, art. 4, of the Federal Constitution, provides: ‘The citizens of each state shall be entitled to all privileges and immunities of citizens in the several states.’ ”
 

 It was held that the Nebraska courts had no discretion to refuse to entertain jurisdiction.
 

 In the case of
 
 Boright
 
 v.
 
 Chicago, R. I. & P. Ry. Co.,
 
 180 Minn., 52, 230 N. W., 457, it was held: “It
 
 *399
 
 is the law of the state that it will not deny to citizens of sister states the right to maintain in its courts such actions as its own citizens may maintain; that its courts will not discriminate between resident plaintiffs and nonresident plaintiffs nor resident defendants and nonresident defendants; and that transitory actions, whether founded on a common-law liability or a liability created by a sister state statute, or when created by the federal government, are triable if jurisdiction of the defendant is acquired, though the plaintiff be a noncitizen or nonresident and the defendant be likewise so, but be doing business within the state.”
 

 In the case of
 
 Handy
 
 v.
 
 Insurance Co.,
 
 37 Ohio St., 366, a suit against a foreign insurance company, the principle of the right to maintain an action against a nonresident is recognized. The following language of McIlvaine, J., in the opinion, at page 370 of 37 Ohio State, is illustrative of the attitude of our courts in the construction of the statute under consideration :
 

 “The general jurisdiction of the court of common pleas, over the person of litigants, is not confined to residents or natural persons; non-residents of the state and foreign corporations are as much subject to its jurisdiction as are residents and domestic corporations. Except in actions of a local nature, our courts are open to all who may seek relief therein, against any one who can be reached by its process. *
 
 * *
 

 “The county in which actions are to be brought, as well as the mode of acquiring jurisdiction by notice to defendants, is regulated by statute. Among other provisions on this subject, Section 52 of the code of
 
 *400
 
 1853 [Section 11276, General Code] provided that, ‘ an action * * * against á non-resident .of this state or a foreign corporation, may be brought in any county in which there may be property of, or debts owing to, said defendant, or where said defendant may be found: but if said defendant be a foreign insurance company, the action may be brought in any county where the cause, or some part thereof, arose. ’ The general rule here declared has no reference to actions upon causes arising in this state. No matter where the cause arose, if the subject matter be within the jurisdiction of the court.”
 

 It is urged that the requiring of the courts of this state to take jurisdiction in a case such as is presented by this record would tend toward a great burden upon the courts of this state. However, this is a legislative problem and is not one for the courts. We deem the matter entirely controlled by the statute above indicated.
 

 The judgment of the courts below will be reversed, and the cause remanded for further proceedings according to law.
 

 Judgment reversed m%d cause remanded.
 

 Marshall, C. J., Matthias, Allen, Kinkade and Robinson, JJ., concur.