**The STATE of Ohio, Appellee,**

v.

**GAUGHAN, Appellant.**

[Cite as *State v. Gaughan* (1995), 103 Ohio App.3d 169.]

Court of Appeals of Ohio,
Fourth District, Washington County.

No. 94–CA–24.

Decided April 27, 1995.

*Eric R. Nordman,* for appellant.

*Kevin A. Rings,* Washington County Assistant Prosecuting Attorney, for appellee.

HARSHA, Judge.

Daniel Gaughan, appellant, appeals from the judgment of the Washington County Court of Common Pleas finding him guilty of aggravated assault, a violation of R.C. 2903.12(A)(2), with both a gun and physical harm specifications. Appellant presents the following assignment of error for our review:

"The trial court improperly sentenced the defendant to a definite term of incarceration of three years for a gun specification."

Appellant was indicted on one count of felonious assault in violation of R.C. 2903.12(A)(1), two counts of felonious assault in violation of R.C. 2903.12(A)(2), and one count of having a weapon under a disability in violation of R.C. 2923.13(A)(3). Each of the felonious assault counts contained a gun specification pursuant to R.C. 2929.71.

At his arraignment, appellant pled not guilty and the matter was set for trial. Subsequently, appellant and the state agreed upon a plea bargain. Appellant then appeared at a hearing on the change of his plea to the indictment. Appellant, who was accompanied by counsel, pled no contest to the offense of

aggravated assault with a gun specification. The amended charge also included a specification of physical harm; however, it bears little relevance to the appeal. We note that appellant stipulated, as a matter of law, that the offense of aggravated assault was a lesser included offense of felonious assault. The record of this proceeding also reflects appellant's waiver of his right to a grand jury with regard to the aggravated assault charge with a gun specification. In return for appellant's plea, the state moved to dismiss Counts I, III and IV of the indictment and case No. 94–CR–61 against appellant.

Appellant was sentenced to a three-year term of actual incarceration for the gun specification, and a three- to five-year term for aggravated assault with a physical harm specification. The trial court ordered the two sentences to run consecutively, resulting in a total sentence of six to eight years.

Appellant asserts that the trial court improperly sentenced him to the three-year term of actual incarceration for the gun specification. Appellant's argument, although undeniably cryptic, seems to challenge the imposition of the three-year actual incarceration period on two grounds. First, appellant contends that the sentence violated R.C. 2941.141, because "the crime appellant was convicted of did not contain a gun specification * * *." Appellant then asserts that the specification in the original indictment does not allow imposition of the three-year actual incarceration because aggravated assault is not a lesser included offense of felonious assault. Both arguments present questions of law which we review *de novo*.

Under R.C. 2941.141, a three-year term of actual incarceration for a gun specification can only be imposed where a proper gun specification is contained in the original indictment.[1] From even the most cursory review of the indictment it is apparent that appellant was, indeed, indicted on three separate counts of felonious assault, each count containing a gun specification that comported completely with R.C. 2941.141.[2] Furthermore, our review of the transcript

---

1. R.C. 2941.141 outlines the proper form for the gun specification imposed pursuant to R.C. 2929.71. R.C. 2929.71 requires the imposition of a three-year gun specification where (1) the offender is convicted of or pleads guilty to any felony other than a violation of R.C. 2923.12 (carrying concealed weapons); (2) the offender is also convicted of or pleads guilty to a specification charging him with having a firearm on or about his person or under his control while committing the felony; and (3) R.C. 2929.72 is inapplicable (actual incarceration for persons committing felonies and having firearm or automatic firearm with silencer). The facts indicate that R.C. 2929.71 required the imposition of the three-year period of actual incarceration pursuant to R.C. 2941.141 in the present case.

2. R.C. 2941.141 requires a gun specification contained in an indictment to be in "substantially the following form:

"SPECIFICATION (or SPECIFICATION TO THE FIRST COUNT), The Grand Jurors (or insert person's or prosecuting attorney's name when appropriate) further find and specify that

establishes that appellant agreed to plead no contest to aggravated assault with two specifications, *i.e.,* use of a firearm and physical harm. We therefore find appellant's first argument entirely unsupported by the record.

■ Appellant's second argument is equally unpersuasive. While the Supreme Court has taken apparently contradictory positions on whether aggravated assault is a lesser included offense of felonious assault, under either position, imposition of mandatory actual incarceration was proper in this case. In *State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, the court established three types of "lesser offenses": (1) attempts; (2) inferior degrees of the indicted offense; and (3) lesser included offenses. The second and fourth syllabus paragraph of *Deem* and the opinion at 210, 533 N.E.2d at 299, indicate that aggravated assault is an "inferior degree" of felonious assault because of the mitigating element of serious provocation. In *State v. Lytle* (1990), 49 Ohio St.3d 154, 551 N.E.2d 950, the Supreme Court held that aggravated assault was a lesser included offense of felonious assault and that a firearm specification applied to the lesser included offense when the felony of the "greater degree" is charged in the indictment and is accompanied by the firearm specification. *Lytle* points out that the purpose of the statute is to put the defendant on notice that the state intends to seek an enhanced penalty for a crime involving a firearm and that the defense should prepare accordingly. Under the *Lytle* analysis, the trial court was clearly correct in its sentence. If *Deem* is applied, the rationale behind the statute applies equally to "lesser degrees of the indicted offense." Thus, where the felony of the greater degree is charged in the indictment and contains a firearm specification, pursuant to R.C. 2941.141(A), the firearm specification applies to the inferior degrees of the offense. On this basis alone, the decision of the trial court may be upheld.

■ Moreover, appellant conveniently overlooks the fact that his trial counsel stated on the record that for purposes of the plea agreement "we are agreeing to stipulate as a matter of law that this [aggravated assault] is a lesser included offense to the, uh, original felonious assault." The argument for waiver becomes even more compelling because appellant expressly waived any right he may have had to a grand jury and its consideration of the specification after extensive questioning by the trial court. Appellant's agreement to these stipulations was

---

(set forth that the offender had a firearm on or about his person or under his control while committing the offense)."

Count II of the indictment contains the following gun specification:

"*SPECIFICATION TO COUNT 2*

"The Grand Jurors further find and specify that Daniel D. Gaughan had a firearm, to wit: a Winchester Model 94, 44 Magnum Rifle, Serial Number 3203090M, on or about his person or under his control while committing the offense."

There is no question that this specification comports with the mandate of R.C. 2941.141.

undoubtedly part of the consideration the state received for dismissing two counts of felonious assault and reducing another to aggravated assault. Appellant asked for something he is in fact receiving. Such conduct amounts to waiver. Cf. *State v. Coleman* (1986), 30 Ohio App.3d 256, 30 OBR 416, 507 N.E.2d 428.

Appellant's assignment of error is overruled.

*Judgment affirmed.*

PETER B. ABELE, P.J., and KLINE, J., concur.