[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Plaintiff, Gudorf Brothers Construction Co., Inc., filed this action on claims of slander and defamation on December 9, 1996. After responsive pleadings were filed, Defendant, Terry Kline, filed a motion for summary judgment. The trial court granted the Defendant's motion on February 17, 1998, dismissing Plaintiff's complaint.
On March 9, 1998, Defendant Kline filed a motion asking the court to award attorneys fees against the Plaintiff pursuant to R.C. 2923.51. The trial court dismissed the motion and request, holding that the issues presented "can not be litigated in this case after dismissal."
Defendant Kline filed a timely notice of appeal from the trial court's order. He presents a single assignment of error, which states:
 THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FOUND THAT IT HAD NO JURISDICTION TO HEAR DEFENDANT-APPELLANT'S MOTION FOR FRIVOLOUS (SIC) AND ADD (SIC) THIRD PARTY DEFENDANTS. SUCH INTERPRETATION IGNORES THE PLAIN LANGUAGE OF ORC 2323.51.
The trial court suggested that the claims asserted in Defendant's motion should have been made in the "initial pleadings." We do not agree. R.C. 2923.51 imposes no such requirement. Indeed, neither Civ.R. 8 nor Civ.R. 9, which identify the substantive matters to be pleaded in an answer, require a claim of this kind to be thus pleaded, though they do not prohibit it. In any event, we view the request for which R.C. 2923.51
provides to be a "motion" governed by Civ.R. 7(B) rather than a "pleading" governed by Civ.R. 7(A). Therefore, it may be filed at any time the court has jurisdiction to grant the relief requested.
Article IV, Section 4(B) of the Ohio Constitution authorizes the General Assembly to determine the jurisdiction of the courts of common pleas by statute. Mattone v. Argentina (1931),123 Ohio St. 393. Division (B)(1) of R.C. 2332.51 states that a court may award reasonable attorneys fees under that section, inter alia, "within twenty-one days after the entry of judgment in a civil action." This provision preserves the jurisdiction of the court to award fees on the causes concerned in R.C. 2323.51 when a motion requesting the award is filed within that time.
Defendant's motion for an award of attorneys fees was filed twenty days after the court granted his motion for summary judgment dismissing the Plaintiff's complaint. The motion was thus timely made, per R.C. 2323.51(B)(1), and the court had jurisdiction to rule on it.
Plaintiff-Appellee's argument is addressed to the need to hold an evidentiary hearing on the motion for fees. We do not understand that the trial court dismissed the motion on a finding that no evidentiary hearing was merited, but because it lacked jurisdiction to grant the relief requested after a final order had been filed. The court erred in so holding, for the reasons stated above.
The assignment of error is sustained. The order from which the appeal is taken will be Reversed and the case will be Remanded for further proceedings on Defendant-Appellant's motion for an award of attorneys fees.
YOUNG, P.J. and WOLFF, J., concur.
Copies mailed to:
Thomas H. Lagos, Esq.
Linda Stukey, Esq.
Hon. Gerald F. Lorig