Deborah J. Compton appeals from an order of the domestic relations division of the court of common pleas dismissing her motion to modify child support.
Deborah J. Compton and Jeppie R.L. Compton were divorced in Texas in 1992. The Texas decree awarded custody of their minor child, Ryan, to Deborah,[1] and ordered Jeppie to pay support at the rate of $910 per month. In 1994, the Texas court modified its support order, reducing Jeppie's obligation to $150 per month.
Both Jeppie and Deborah subsequently moved from Texas; Jeppie to Florida and Deborah, with Ryan, to Greene County, Ohio. Thereafter, Deborah asked the Texas court to modify its last prior support obligation. The Texas court declined to exercise jurisdiction because neither the parties nor the minor child then resided in Texas.
Deborah sought and obtained registration of the Texas "parenting decree" in Greene County pursuant to R.C. 3109.32. She then moved the Greene County court of common pleas, domestic relations division, to modify the support provisions of that decree pursuant to R.C. 3115.46, et seq. Jeppie moved to dismiss both the motion to modify and the Greene County order registering the Texas decree, arguing that the Greene County court lacked the personal and subject-matter jurisdiction necessary to do either.
The parties' respective motions were referred to a magistrate, who recommended dismissal of both the registration order and the motion to modify, reasoning that Florida was the proper forum in which to proceed on Deborah's motion because Jeppie is now domiciled there. The magistrate also recommended reference of the matter to the Greene County Child Support Enforcement Agency, apparently to allow that agency to refer Deborah's request for an increase in support to Florida.
Deborah filed objections to the magistrate's decision. The trial court overruled the objections and adopted the decision as its own order. Deborah filed a timely notice of appeal, and now presents a single assignment of error, which states:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN DETERMINING THAT THE UNIFORM INTERSTATE FAMILY SUPPORT ACT AS ADOPTED IN OHIO REQUIRES THAT PLAINTIFF FILE HER ACTION FOR SUPPORT ENFORCEMENT IN THE STATE OF FLORIDA WHEN R.C. 3115.03(H) ALLOWS PERSONAL JURISDICTION OVER DEFENDANT BY VIRTUE OF C.R. 4.3(A).
It is fundamental that in order to grant relief requested on a claim presented in an action the court in which the action is filed must have both personal jurisdiction of the parties and subject-matter jurisdiction of the claim for relief involved. In Ohio, the jurisdiction of the court of common pleas and its divisions is determined by statute. Article IV, Section 4(B), Ohio Constitution.Mattone v. Argentina (1931), 123 Ohio St. 393.
R.C. 3115.03 provides that in a proceeding to modify a support order a court of this state may exercise personal jurisdiction over a non-resident individual under certain circumstances there defined. Division (H) of that section provides that a court may do so when "[t]here is any other basis for the state to exercise personal jurisdiction over the individual."
Civ.R. 4.3, which provides for service of process outside the state of Ohio in certain specific circumstances, operates to create personal jurisdiction in an Ohio court when proper service is effected. However, the rule may not be construed to extend the subject matter jurisdiction of the court to claims of relief in which it does not otherwise exist. Civ.R. 82.
Ohio is required by the Full Faith And Credit Clause of the Constitution of the United States to enforce the judgments and decrees of other states according to the laws of those states. However, the Clause does not require Ohio to modify foreign judgments and decrees according to its own laws. Therefore, Ohio may limit the subject matter jurisdiction of its own courts with respect to the application of the substantive law of Ohio to modify foreign decrees.
R.C. 3115.39(A) permits registration in Ohio of the support orders of other states when certain procedures are followed. Division (B) of that section requires the Ohio court to then register the foreign order. Division (C) permits a party to the decree to seek "under the laws of this state" a remedy to which the party has a right under the foreign order.
Jeppie's motion to dismiss attacked both the order registering the Texas support order pursuant to R.C. 3115.39(B) and Deborah's motion to modify the order pursuant to R.C. 3115.46. The basis of his attack was a minimum contacts analysis. The domestic relations court, adopting the decision of its magistrate, dismissed both the order registering the Texas order and Deborah's motion to modify it, holding that Jeppie lacked the necessary minimum contacts with Ohio to permit the court to either register the Texas decree or modify it.
The "minimum contacts" requirement is grounded in due process. However, it applies to personal jurisdiction, not to subject matter jurisdiction. R.C. 3115.39, which creates subject matter jurisdiction in the court with respect to registration of foreign support orders, imposes no minimum contacts requirement regarding the party outside Ohio who is bound by the order. Indeed, the registration process is ex parte, and so long as the party requesting registration satisfies the requirements of Division (A) of the section the court is required by Division (B) to register the order. The other party may collaterally attack the registration order pursuant to Civ.R. 60(B), but it is not subject to attack on a minimum contacts analysis. Therefore, the trial court erred when it vacated its prior order registering the Texas decree pursuant to R.C. 3115.39(B) on a finding Jeppie lacked the personal contacts with Ohio necessary to register the order here.
R.C. 3115.46 authorizes the domestic relations court to modify a foreign support order registered pursuant to R.C.3115.39. However, R.C. 3115.48(A) prohibits application of Ohio's laws to modify the registered order unless at least one of the following two circumstances is found by the court to exist:
 (1) The child, the individual obligee, and the obligor subject to the support order do not reside in the issuing state, petitioner who is a nonresident of this state seeks modification, and the respondent is subject to personal jurisdiction of the tribunal of this state.
 (2) The child, or a party who is an individual, is subject to the personal jurisdiction of this state and all of the parties who are individuals have filed written consents in the issuing tribunal for a tribunal of this state to modify the support order and assume continuing, exclusive jurisdiction over the order . . . .
Id., (emphasis added).
Though R.C. 3115.48(A) employs a form of "contacts" test, it neither confers nor denies personal jurisdiction. Rather, it confers subject matter jurisdiction in the court to modify a foreign support order registered in Ohio pursuant to R.C. 3115.39
when the conditions of Divisions (1) or (2) of R.C. 3115.48(A) are satisfied.
The function and purpose of the written consent requirements division (A)(2) of R.C. 3115.48 are obvious. However,
 "[p]olicies underlying the first condition are less obvious. Under R.C. 3115.48(A)(1), the registering state may assume modification jurisdiction when the child and all individual parties have moved away from the issuing forum and the new forum has personal jurisdiction over the respondent. Certainly there is no reason to preserve jurisdiction in a forum that no longer has a direct connection the child or the parties, especially when another forum has jurisdiction to act. However, R.C. 3115.48(A)(1) imposes the additional requirement that the party seeking the modification not
be a resident of the registering state. The purpose of this unusual provision is to avoid the effects of `hometowning' which have plagued interstate support as well as custody cases."
Baldwin's Ohio Domestic Relations Law, Section 23.43, at pp. 83-84. In that event, the party seeking modification must do so in the state where the respondent resides. The authors acknowledge that places a substantial burden on a party who seeks to modify, but they note that "the burden will be eased by the [Uniform Interstate Family Support] Act's easy registration procedures and special evidentiary rules." Id. (See R.C.3115.27, 3115.28, and 3115.29.)
The consent provisions of Division (A)(1) of R.C. 3115.48
have no application to these facts. Neither does Division (A)(2) operate to permit the court to modify the Texas order. Though neither Jeppie, nor Deborah, nor Ryan reside in Texas, the party who in this instance seeks modification, Deborah, is not "a nonresident of this state." Therefore, and notwithstanding the Ohio court's having obtained personal jurisdiction over Jeppie by service effected pursuant to Civ.R. 4.3(A), it lacks the subject matter jurisdiction to modify the Texas order, which is the relief that Deborah requests.
Deborah argues that the trial court may, nevertheless, proceed to modify the Texas decree after it has acquired personal jurisdiction of the parties, just as it could with respect to any other equitable order. We do not agree. So long as the court's jurisdiction to modify derives from the registration permitted by the Uniform Interstate Family Support Act provisions of R.C.3115.39, its exercise of that jurisdiction is likewise controlled by other relevant provisions of the Act, R.C. 3115.48(A)(1) in this instance. In other words, to seek modification according to more conventional means, Deborah must "prove" the Texas decree according to conventional standards of pleading and proof, not merely by registration under the simplified procedures of the Act.
The trial court was correct when it dismissed Deborah's motion to modify for failure to satisfy the requirements of R.C.3115.48(A). However, the trial court erred when it vacated its prior order registering the Texas decree. The order vacating the registration order will be reversed. That remedy operates to reinstate the registration order, which is probably necessary to permit the Greene County court to refer Deborah's motion to Florida for determination.
The assignment of error is overruled with respect to the order dismissing Deborah's motion to modify, but is sustained with respect to the order vacating registration of the Texas decree. Therefore, the order from which the appeal was taken will be affirmed in part and reversed in part, and the case will be remanded for reference of Deborah's motion to Florida, or wherever Jeppie is now resident.
WOLFF, J. and YOUNG, J., concur.
Copies mailed to:
Paul W. Barrett, Esq.
Michael L. Tucker, Esq.
Hon. Judson L. Shattuck, Jr.
[1] For purposes of clarity, hereinafter we will refer to the parties by their first names.