OPINION
This case consolidates two appeals taken from successive orders of the Juvenile Court that adjudicated a mother's right to visit with a minor child whom the court placed in interim custody with the father.
On March 19, 1996, the Greene County Children's Services Board ("CSB") filed a complaint alleging that Brandon Burton, then two and one-half years of age, was an abused or neglected child. The grounds offered in support of the claim demonstrated serious physical injuries of a kind that were intentionally inflicted, and which occurred while the child was in the care of his mother, Connie Daniels, nka Connie Williamson. On that same date, the Juvenile Court ordered the child placed in the interim custody of his father, Victor Burton.
Ten days later, on March 19, 1996, Victor Burton filed his own complaint for custody of his minor child. Burton's complaint was docketed as a part of the action commenced by CSB, and the two actions thereafter moved in tandem.
The matter was referred to a magistrate, who held hearings on the two complaints in December 1996. By subsequent decision, the magistrate ordered supervised visitation with the mother. On February 24, 1997, the father moved to terminate the mother's visitation.
 By decision filed July 14, 1997, the magistrate awarded interim custody of the child to the father with protective supervision by CSB. The mother was awarded supervised visitation. A further magistrate's decision granting the same relief was filed on January 13, 1998. The magistrate denied the father's motion to terminate the mother's visitation on April 28, 1998.
The father filed objections to the magistrate's decision denying his motion to terminate visitation. The court sustained the objections and granted the father's motion, terminating the mother's right of visitation on July 6, 1998. The court also ordered the issue set for further review on December 7, 1998. The mother filed a notice of appeal from the court's order, which was docketed as case number 98-CA-76.
When the matter of the mother's visitation came on for review as ordered, the court heard representations of counsel. On that basis, the court on December 14, 1998, ordered the mother's supervised visitation resumed. The court denied the father's request to postpone resumption for six to eight years, when the child is older, stating:
 "Such a delay would be tantamount to ending the mother-child relationship. The evidence at this point does not justify such an extreme measure. This Court temporarily ceased Ms. Williamson's visitation because there was evidence, independent of the testimony of Mr. Burton's family members, that Ms. Williamson acted inappropriately during visits with Burton. Further, the Court concluded that a temporary cessation of contact might abate Brandon's anxiety-related behavior. Those symptoms are now gone. Ms. Williamson should realize now that contact with a natural child is not a right, but is based upon a demonstration that the parent can nurture the child. Ms. Williamson will be given an opportunity to re-establish a relationship with Brandon in a supervised setting."
The court also set a specific schedule for the mother's visitation and ordered a further review of the matter of visitation on March 8, 1999. The father filed a notice of appeal from the court's order, which was docketed as case number 98-CA-143.
At oral argument on the consolidated appeals, counsel for the mother agreed that the court's order of December 14, 1998, granting visitation, rendered moot the mother's appeal in case number 98-CA-76, which was from the order of July 6, 1998 denying visitation. On that basis, the appeal in 98-CA-76 will be dismissed.
Victor Burton presents two interrelated assignments of error in case number 98-CA-143, which state:
 FIRST ASSIGNMENT OF ERROR THE COURT ERRED IN REINSTATING VISITATION AS THERE WAS NO EVIDENCE BEFORE THE COURT PURSUANT TO REVISED CODE § 3109.051(D) TO INDICATE THAT VISITATION WOULD BE IN THE BEST INTEREST OF THE CHILD.
 SECOND ASSIGNMENT OF ERROR THE COURT ABUSED ITS DISCRETION IN REINSTATING VISITATION IN THE ABSENCE OF SUBSTANTIAL EVIDENCE THAT VISITATION WOULD BE IN THE BEST INTEREST OF THE CHILD.
Pursuant to Article IV, Section 4(B) of the Ohio Constitution, the jurisdiction of the courts of common pleas and their divisions is legislatively determined. Mattone v. Argentina
(1931), 123 Ohio St. 393. Acting on that authority, the General Assembly has granted the juvenile divisions of the court of common pleas exclusive original jurisdiction to determine the custody of any child not a ward of the state. R.C. 2151.23(A)(2). When a juvenile court makes that custody determination, it must do so in accordance with the requirements of R.C. 3109.04. In re Poling
(1992), 64 Ohio St.3d 211.
R.C. 3109.04, which otherwise applies in divorce, legal separation, and annulment proceedings, requires the court, absent a proper request for shared parenting, and "in a manner consistent with the best interests of the children, [to] allocate the parental rights and responsibilities for the care of the children primarily to one of the parents . . . and divide between the parents the other rights and responsibilities for the care of the children, including, but not limited to, . . . the right of the parent who is not the residential parent to have continuing contact with the children." Id., Division (A) (1).
When entering an order pursuant to the foregoing provisions of R.C. 3109.04, the court "shall make a just and reasonable order or decree permitting each parent who is not the residential parent to visit the child under the time and under the conditions that the court determines that it would not be in the best interest of the child to permit that parent to visit the child and includes in the journal its findings of fact and conclusions of law." R.C.3109.051. Division (D) of that section sets out fourteen factors the court must consider in making that determination.
Juv.R.13(A) authorizes the court to enter temporary orders pending a hearing on the relief requested in the complaint "as the child's interest and welfare may require." App.R. 14(A) and R.C.2151.353 impose a one-year sunset limitation on temporary orders. However, this court has held that the limitation does not apply in actions commenced prior to March 3, 1997, the date on which R.C.2151.353 became effective, as this action was. In the Matter ofCarroll Children (November 7, 1997), Greene App. No. 97-CA-55, unreported. Then, an indefinite number of temporary orders for custody or visitation are permitted. Id.
The trial court did not denominate its orders of July 6 and December 14, 1998 as temporary orders. Nevertheless, that is what they are. The Juvenile Court has yet to make a permanent custody determination, and has awarded the father only "interim custody." Inasmuch as that is a form of temporary custody, so are the orders concerning the mother's visitation ancillary to it that the court issued on July 6 and December 14, 1998.
The appellate jurisdiction of this court is limited to final orders, per Article IV, Section 3(B) (2) of the Ohio Constitution. Absent a final order, this court lacks jurisdiction to affirm, reverse, or modify an order from which an appeal is taken.General Acc. Ins. Co. v. Insurance Co. of North America (1989),44 Ohio St.3d 17.
"Final Orders" are defined by R.C. 2505.02. In that regard, "special proceedings" are those specifically created by statute and which were not recognized at common law. Polikoff v. Adam
(1993), 67 Ohio St.3d 100. As custody proceedings are created pursuant to R.C. 2151.23, they are special proceedings pursuant to R.C. 2505.02.
R.C. 2505.02(B) defines a final order, inter alia, to include: "(2) An order that affects a substantial right made in a special proceeding." A court order which deprives a person of a remedy which he would otherwise possess deprives the person of a substantial right. Chef Italiano Corp. v. Kent State University
(1989), 44 Ohio St.3d 86.
The Juvenile Court's order of December 14, 1998, did not deprive the father, who is the Appellant here, of a remedy. The remedy he seeks, termination of the mother's right of visitation, is yet available to him when the court determines his custody claim, because pursuant to R.C. 3109.04(A) (1) the court must then determine the mother's right of visitation. Therefore, the order from which the appeal in case number 98CA143 was taken is not a final order per R.C. 2505.02, and this court lacks jurisdiction to review it. Accordingly, the appeal in Case No. 98CA143 will be dismissed.
WOLFF, J. and YOUNG, J., concur.
Copies mailed to:
Elaine S. Bernstein, Esq.
John H. Rion, Esq.
Jon Paul Rion, Esq.
Hon. Robert W. Hutcheson