OPINION
Defendant, Harold D. Moore, Jr., appeals from his conviction and sentence for the offense of Aggravated Assault, R.C.2903.12(A)(2), which was entered on his plea of no contest.
Moore was charged by indictment with a single count of Robbery, R.C. 2911.02(A)(2). Subsequently, and pursuant to plea negotiations, Moore agreed to enter a no contest plea to Aggravated Assault. The prosecutor informed the court of the negotiated plea, adding: "For purposes of the plea, we are all agreeing that (Aggravated Assault) is to be considered today as a lesser-included offense of the charge of robbery." (T. 5).
The court did not amend the indictment to reflect the Aggravated Assault charge. Neither did Moore waive his right to indictment, nor did the State present the Aggravated Assault charge by a bill of information. Instead, the court proceeded on the plea that the parties had indicated, carefully conducting the inquiries of Moore that Crim.R. 11(C) prescribes. The court accepted Moore's no contest plea on the basis of those inquiries and Moore's responses.
The court requested a statement from the prosecutor reciting the facts of the Aggravated Assault charge. The prosecutor responded:
 "Mr. Lasky: Yes, Your Honor. If it please the Court, the State of Ohio would show that on or about September 6th, 1998, in the City of Dayton, Montgomery County, Ohio, this defendant did knowingly attempt to cause serious physical harm to one Derek Lyons after being brought to a sudden rage or mental state as a result of actions of Derek Lyons, in violation of Section 2903.12
of the Ohio Revised Code." (T. 8).
The court then found Moore guilty of the charge and entered its judgment of conviction. Moore was subsequently sentenced pursuant to law.
Moore filed a timely notice of appeal. He presents a single assignment of error, which states:
 THE TRIAL COURT ERRED WHEN IT FOUND APPELLANT GUILTY AFTER A NO CONTEST PLEA TO AGGRAVATED ASSAULT AS A LESSER INCLUDED OFFENSE OF ROBBERY, WHERE THE COURT FAILED TO DETERMINE WHETHER AGGRAVATED ASSAULT IS A STATUTORY LESSER INCLUDED OFFENSE OF ROBBERY AND WHERE THE EVIDENCE AS PRESENTED COULD NOT SUPPORT A CONVICTION FOR THE LESSER INCLUDED OFFENSE.
Moore presents two arguments in support of the error assigned. First, he argues that the court could not convict him of Aggravated Assault because it is not a lesser-included offense of Robbery, with which he was charged. Second, he argues that the prosecutor's recitation of facts was insufficient to permit the court to find him guilty of Aggravated Assault on his plea.
The State does not contend that Aggravated Assault is a lesser-included offense of Robbery according to the tests set out in State v. Deem (1988), 40 Ohio St.3d 205. Instead, the State argues that Moore waived any error in that regard when he agreed that Aggravated Assault would be considered a lesser included offense of Robbery for purposes of his no contest plea. The State also argues that the prosecutor's recitation of facts was sufficient to support the guilty verdict that the court entered.
We need not decide whether the prosecutor's recitation was sufficient. Because Aggravated Assault is not a lesser included offense of Robbery as a matter of law, the court could not accept Moore's plea or enter a judgment convicting Moore of Aggravated Assault on the record before it.
Pursuant to Section 4(B), Article IV, of the Ohio Constitution, the jurisdiction of the courts of common pleas is determined by statute. Mattone v. Argentina (1931), 123 Ohio St. 393. R.C. 2931.03 states, inter alia: "The court of common pleas has original jurisdiction of all crimes and offenses. That jurisdiction is invoked pursuant to Crim.R. 7(A), which provides that all "felonies shall be prosecuted by indictment, except that after a defendant has been advised by the court of the nature of the charge against the defendant and of the defendant's right to indictment, the defendant may waive that right in writing and in open court." Further, Crim.R. 7(D) states that the court may not amend an indictment if "a change is made in the name or identity of the crime charged."
The tests for lesser-included offenses was set out in Statev. Deem, supra:
 An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense.
Id., paragraph three of the Syllabus.
Conviction of a lesser included offense operates to amend the indictment. However, the amendment is not prohibited by Crim.R. 7(D) because no change is made in the name or identity of the offense, the lesser offense being included within the greater as a matter of law. The same does not apply to other offenses, albeit less serious, which have a name or identity different from the offense charged.
Moore was charged by indictment with the offense of Robbery, in violation of R.C. 2911.02(A)(2). That section states:
 (A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
* * *
 (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another.
Moore was convicted on his plea of no contest of the offense of Aggravated Assault, in violation of R.C. 2903.12(A)(2). That section states:
 (A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:
* * *
 (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code.
The elements of "sudden passion or . . . sudden fit of rage" and "serious provocation occasioned by the victim" which are required for Aggravated Assault are not elements of the offense of Robbery. Therefore, Robbery may be committed without also committing Aggravated Assault, and per Deem, supra, Aggravated Assault is not a lesser-included offense of Robbery.
When the court accepted Moore's plea of no contest to the offense of Aggravated Assault and entered its judgment of conviction, the court necessarily changed both the nature and identity of the crime charged by indictment, contrary to the prohibitions of Crim.R. 7(D). The State argues that any error in that regard was waived by Moore's agreement that the court could regard Aggravated Assault as a lesser-included offense of Robbery, citing State v. Gaughan (1995), 103 Ohio App.3d 169.
In Gaughan, the defendant-appellant argued that the trial court erred when, in convicting him of the lesser included offense of Aggravated Assault on his no contest plea, it also found him guilty of a firearm specification that was attached to the greater offense charged in the indictment, Felonious Assault. After noting that it is unclear whether Aggravated Assault is a lesser-included offense of Felonious Assault, the appellate court stated:
 Moreover, appellant conveniently overlooks the fact that his trial counsel stated on the record that for purposes of the plea agreement "we are agreeing to stipulate as a matter of law that this [aggravated assault] is a lesser included offense to the, uh, original felonious assault." The argument for waiver becomes even more compelling because appellant expressly waived any right he may have had to a grand jury and its consideration of the specification after extensive questioning by the trial court. Appellant's agreement to these stipulations was undoubtedly part of the consideration the state received for dismissing two counts of felonious assault and reducing another to aggravated assault. Appellant asked for something he is in fact receiving. Such conduct amounts to waiver. Cf. State v. Coleman (1986), 30 Ohio App.3d 256, 30 OBR 416, 507 N.E.2d 428.
Id., at 172-173. (Emphasis supplied.)
We are not persuaded that the rule of Gaughan applies to the issue before us. Moore did not waive his right to have the amended charge considered by a grand jury, as the defendant did inGaughan. Further, the matter at issue in Gaughan was a specification that the court had attached to the amended charge. Specifications do not change the nature or identity of a charged offense for purposes of Crim.R. 7(D). Therefore, an indictment may be amended to include a specification where the amendment was made pursuant to a a plea agreement in open court with the defendant's voluntary agreement after full disclosure. State v.Childress (1993), 91 Ohio App.3d 258.
The change effected here was not with respect to a specification but with respect to the name and identity of the offense charged. Because Aggravated Assault is not a lesser included offense of Robbery, the court could not amend the indictment charging Moore with Robbery to charge Aggravated Assault. Neither could the parties relieve the court of that requirement by agreeing to make Aggravated Assault a lesser included offense of Robbery. A rule of law is involved, not an issue of fact that may be resolved by stipulation. Litigants cannot employ that expedient to change the law or make it.
Because Aggravated Assault is a felony and could not be charged by amending the indictment for Robbery, the State was required by Crim.R. 7(A) to obtain an indictment charging Moore with Aggravated Assault. In lieu of that, and upon his waiver of his right to indictment in writing and in open court, the State could have proceeded on a bill of information charging Moore with Aggravated Assault. Neither was done. Therefore, the court's jurisdiction was not properly invoked, and it could not accept Moore's plea to that offense, find him guilty of the offense on his plea, or enter a judgment convicting Moore of the offense of Aggravated Assault.
We acknowledge that our analysis and decision may seem hyper-technical to some. If a defendant knowingly and voluntarily enters a plea of guilty or no contest to an offense, why should a defect in the charge inhibit the court from convicting him of it? Our concern is not so much with the facts involved here but with other possible situations.
Justice is not served if the state can bring a defendant who has been charged with nothing before a court and procure his conviction for a felony offense on an agreed plea. The orderly process of justice and Crim.R. 7(A) require that all felony charges "shall be prosecuted by indictment," or by information when an indictment is properly waived. That alternative requires little effort on the state's part when an accused is genuinely willing to proceed on a reduced charge, and little time to prepare it. We see no reason why it should be dispensed with here.
The assignment of error is sustained. The judgment from which this appeal was taken will be Reversed and the case will be remanded for further proceedings consistent with this opinion.
YOUNG, J., concurs.