OPINION
{¶ 1} This is an appeal from a final judgment of the court of common pleas that overruled objections to a magistrate's decision and adopted the magistrate's finding that the common pleas court lacks subject-matter jurisdiction to grant the relief authorized by R.C. 2329.70. *Page 2 
 {¶ 2} On August 15, Defendant-Appellant, Conrad A. Lohutko, filed an application for appointment of a trustee to receive and hold his personal earnings that would be subject to garnishment by Plaintiff-Appellee, Acclaim Systems, Inc. ("Acclaim"). Acclaim had filed a certificate of judgment pursuant to R.C. 2329.02, on a default judgment for $24,481.46 that Acclaim had obtained against Lohutko in Pennsylvania. Lohutko's application was referred to a magistrate.
 {¶ 3} R.C. 2716.02 sets out a form of written demand a judgment creditor must serve on the judgment debtor prior to seeking an order of garnishment of the debtor's personal earnings. R.C. 2329.70 provides that a debtor on whom the notice has been served "may apply to any judge of a county court or judge of a municipal court within this state in whose jurisdiction the person resides . . . for the appointment of a trustee to receive that portion of the personal earnings of the debtor that is not exempt from . . . garnishment . . . and any sums the debtor voluntarily pays or assigns to the trustee." (Emphasis supplied). The section further provides that, if the application is granted, the clerk of the court shall be designated the trustee.
 {¶ 4} On September 13, 2007, the magistrate entered an order dismissing Lohutko's application for lack of jurisdiction, which the magistrate found is instead conferred by statute on the *Page 3 
county or municipal courts. (Dkt. 10). On September 20, 2007, Lohutko filed a motion pursuant to Civ. R. 53(D)(2)(b) to set aside the magistrate's order. (Dkt. 11). Lohutko argued that, being an order entered pursuant to Civ. R. 53(C)(2) to regulate the proceedings, the dismissal the magistrate ordered is prohibited by Civ. R. 53(D)(2)(a)(i), which permits the magistrate to enter orders to regulate the proceedings "if not dispositive of a claim or defense." Lohutko further argued that the magistrate erred in finding that the court of common pleas lacks jurisdiction to appoint a trustee pursuant to R.C. 2329.70.
 {¶ 5} The trial court, implicitly conceding Lohutko's argument concerning Civ. R. 53(D)(2)(a)(i), elected to instead treat the magistrate's order as a decision filed pursuant to Civ. R. 53(D)(3), and Lohutko's motion as an objection to that decision filed pursuant to Civ. R. 53(D)(3)(b). The court then overruled the objection, finding that it lacks jurisdiction to appoint a trustee pursuant to R.C. 2329.70
because that section confers jurisdiction to grant the relief it allows on the county and municipal courts exclusively. Lohutko filed a timely notice of appeal.
 {¶ 6} Lohutko presents four assignments of error on appeal. In his first and second assignments, Lohutko argues that the trial court erred when it failed to set aside the magistrate's order of dismissal. We agree that the order, if viewed as one *Page 4 
entered pursuant to Civ. R. 53(C)(2), is prohibited by Civ. R. 53(D)(2)(a)(i), because it is dispositive of a Civ. R. 12(B)(1) jurisdictional defense. However, by electing to instead treat the magistrate's order as a form of decision on the merits filed pursuant to Civ. R. 53(D)(3), and Lohutko's motion as a Civ. R. 53(D)(3)(b) objection, the court cured the magistrate's error and rendered it moot. The first and second assignments of error are overruled.
 {¶ 7} Lohutko's third assignment of error challenges the trial court's finding that it lacks jurisdiction to appoint a trustee on Lohutko's application filed pursuant to R.C. 2329.70. Lohutko argues that, being in Montgomery County, the common pleas court is a "county court" for purposes of R.C. 2329.70. We do not agree.
 {¶ 8} Lohutko's argument confuses a court's territorial venue with its subject-matter jurisdiction. A court's territorial venue is the geographic area which, because of some connections it has with the events that have given rise to a lawsuit, renders the court the proper place for trial of that lawsuit. Section 4(A), Article IV of the Ohio Constitution provides: "There shall be a court of common pleas and such divisions thereof as may be established by law serving each county of the state." The territorial venue of the Montgomery County Court of Common Pleas is Montgomery County. R.C. 2301.01. *Page 5 
 {¶ 9} A court's subject-matter jurisdiction comprehends its power to grant relief in justiciable matters. The subject-matter jurisdiction of the courts of common pleas and their divisions is established by statute. Section 4(B); Article IV; Mattone v. Argentina (1931),123 Ohio St. 393. Being courts of general jurisdiction, the common pleas courts have subject-matter jurisdiction in all civil and criminal actions on claims for relief that arise in the county in which the court sits, except for those actions in which subject-matter jurisdiction is conferred by statute on another court exclusively.
 {¶ 10} R.C. 1901.01(A) establishes municipal courts in five municipalities in Montgomery County: Dayton, Kettering, Miamisburg, Oakwood, and Vandalia. R.C. 1907.01 provides that, outside the territory of those municipalities, the county courts have jurisdiction. The subject-matter jurisdiction of the municipal and county courts, in addition to that specifically conferred by statute, is determined by the monetary limits of the claim in civil cases and is limited to misdemeanor offenses in criminal cases.
 {¶ 11} R.C. 2329.70 expressly confers subject matter jurisdiction to appoint trustees on a judgment debtor's application on municipal and county courts. In view of that express grant, and applying the canon of statutory construction expressio unius, meaning that expression of one thing suggests *Page 6 
the exclusion of others, we find that the General Assembly in enacting R.C. 2329.70, pursuant to the authority conferred on it by Section 4(B), Article IV, has denied the common pleas court jurisdiction to grant the relief for which R.C. 2329.70 provides. The third assignment of error is overruled.
 {¶ 12} Lohutko's fourth assignment of error argues that the common pleas court, if it does lack jurisdiction, should have transferred his application to the proper municipal or county court instead of dismissing it. When a court lacks jurisdiction in an action, and absent any special statutory provision for transfer of an action to another court with jurisdiction, the court has no option but to dismiss the action, and any relief the court grants is necessarily void. Therefore, the common pleas court properly dismissed the action, and could not transfer it instead.
 {¶ 13} The fourth assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN, J. and WOLFF, J., concur.
(Hon. William H. Wolff, Jr., retired from the Second District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.) *Page 1