THE STATE OF OHIO, APPELLEE, *v.* COLEMAN, APPELLANT.

(No. 12211 — Decided March 12, 1986.)

*Lynn C. Slaby,* prosecuting attorney, for appellee.

*Walter R. Lawrence,* for appellant.

BAIRD, P.J. This cause came on before the court upon defendant's appeal from a denial of his motion to modify his sentence from an indefinite term to a definite term. We affirm.

The defendant, William Coleman,

was indicted by the grand jury on one count of rape, a first degree felony, and one count of endangering children, a first degree misdemeanor, the crime allegedly having taken place in August 1983. Defendant pleaded not guilty. Subsequently, pursuant to a plea bargaining agreement, defendant withdrew his not guilty plea and entered a plea of guilty to a reduced count of sexual battery, a third degree felony, and the count of child endangering. Defendant was sentenced by the trial court to an indefinite term of two to ten years in prison for the felony and ninety days for the misdemeanor under R.C. 2929.11.

### Assignment of Error

"The trial court erred by denying defendant-appellant's motion to modify his sentence from an indeterminate period to a definite sentence."

The defendant entered a plea of guilty to a third degree felony, and as part of a plea bargain, he agreed to an indeterminate sentence which was imposed in accordance with his agreement.

The statutes provide that third degree felonies may be punished by either an indeterminate sentence or by a definite sentence, depending on the circumstances of the case. Defendant's sentence was imposed pursuant to R.C. 2929.11(B)(6) which provides:

"(B) Except as provided in division (D) of this section, section 2929.71, and Chapter 2925. of the Revised Code, terms of imprisonment for felony shall be imposed as follows:

"* * *

"(6) For a felony of the third degree, the minimum term shall be two years, thirty months, three years, or four years, and the maximum term shall be ten years[.]"

Appellant now complains, however, that the sentence should be modified to a definite sentence because of the provisions of R.C. 2929.11(D) and (G):

"(D) Whoever is convicted of or pleads guilty to a felony of the third or fourth degree and did not, during the commission of that offense, cause physical harm to any person nor make an actual threat of physical harm to any person with a deadly weapon, * * * and who has not previously been convicted of an offense of violence shall be imprisoned for a definite term, and, in addition, may be fined or required to make restitution. The restitution shall be fixed by the court as provided in this section. The terms of imprisonment shall be imposed as follows:

"(1) For a felony of the third degree, the term shall be one, one and one-half, or two years;

"* * *

"(G) No person shall be sentenced pursuant to division (B)(6) or (7) of this section to an indefinite term of imprisonment for a felony of the third or fourth degree unless the indictment, count in the indictment, or information charging him with the offense contains a specification as set forth in section 2941.143 of the Revised Code."

Appellant also cites R.C. 2941.143 which contains a similar provision and provides the form to be used for the specification.

The defendant got one of the sentences provided by law for a third degree felony. By asking for that sentence, he waived the provisions of R.C. 2929.11 and 2941.143 which would have required the other type sentence. He does not claim that the sentence imposed by the court has been administratively expanded, or modified in any way. He asked for something which he is in fact receiving. He has waived his right to seek something which hindsight has apparently revealed to him is more attractive than that which he originally requested. While it was within the discretion of the trial court to accept the plea bargain, it was not within its discretion, without the approval of the parties, to accept the plea bargain with different

terms than those agreed to. If the agreement was not acceptable, the option was trial. *State* v. *Hughes* (Dec. 30, 1982), Franklin App. No. 82AP-695, unreported. By his plea bargain, he has waived the right he now asserts.

Defendant's assignment of error is not well-taken.

*Judgment affirmed.*

GEORGE and LYNCH, JJ., concur.

LYNCH, J., retired, of the Seventh Appellate District, sitting by assignment in the Ninth Appellate District.