**State v. Crago**
*[Cite as 4 AOA 475]*

*Case No. 89-T-4219*
*Trumbull County, (11th)*
*Decided June 29, 1990*

*Dennis Watkins Prosecutor, Trumbull County.*

*Carol Sopkovich, Assistant Prosecutor, 160 High Street, Warren, Ohio 44481, for Plaintiff-Appellee.*

*Michael Partlow, 800 Second National Bank Building, Warren, Ohio 44481, for Defendant-Appellant.*

CHRISTLEY, P.J.

This is a delayed appeal in which appellant argued his indefinite sentence was invalid because the amended indictment did not contain a specification of physical harm pursuant to R.C. 2929.11(D).

The appellant was indicted by a Trumbull County Grand Jury on three counts of rape, in violation of R.C. 2907.02(A)(1)(2); one count of gross sexual imposition, in violation of R.C. 2907.05(A) (1); and, one count of theft, in violation of R.C. 2913.02(A)(3). As charged, gross sexual imposition is a fourth degree felony.

Pursuant to a plea arrangement with the Trumbull County Prosecutor, the appellant entered a plea of "guilty" to an amended indictment charging four counts of gross sexual imposition, in violation of R.C. 2907.05(A)(1); and one count of theft, in violation of R.C. 2913.02(A)(3). As charged, gross sexual imposition was a fourth degree felony.

The plea was only entered after the court fully advised appellant of his rights with his counsel present.

Appellant was informed by the trial court and by the amended indictment, which he signed, that his possible jail sentence, as a result of a plea of guilty or finding of guilty, for each count of gross sexual imposition charge would be a definite term or indefinite term of one and one-half, two, two and one-half, or three to five years and up to $2,500 fine or both. Further, he was advised that those sentences could run consecutively.

After signing the amended indictment, the court sentenced appellant to three to five years

on Counts 1 and 2, to the served concurrently, two to five years on Counts 3 and 4 concurrent to one another but consecutive with the sentence for Counts 1 and 2, and a one and one-half year term on Count 5 concurrent with the other charges. The indefinite sentences on Counts 1-4 were handed down pursuant to the provisions of R.C. 2929.11(B)(7).

In this delayed appeal, the appellant raised the following assignment of error:

"The trial court erred to the prejudice of the appellant by sentencing the appellant to an indefinite term of incarceration on Counts 1 through 4 of the Amended Indictment."

The appellant now argues that the indefinite sentence was improper because the amended indictment did not contain a specification of physical harm pursuant to R.C. 2929.11(D).

Appellant relies on *State* v. *Coleman* (1986), 30 Ohio App. 3d 256. As in the present case, the appellant was a sex offender who entered into a plea bargaining agreement. He entered a guilty plea to sexual battery, a third degree felony. As part of the plea bargain, he agreed to an indeterminate sentence.

On appeal, he argued that his sentence should comply with R.C. 2929.11(D) and 2941.143 which require definite terms. The court determined that "[b]y asking for that sentence, he waived the provisions of R.C. 2929.11 and 2941.143 which would have required the other type of sentence." *Coleman, supra*, at 257. "By his plea bargain, he has waived the right he now asserts." *Id.* at 258.

Likewise in *State* v. *Gillenwater* (Nov. 11, 1987), Highland App. No. 651, unreported, the Fourth District Court of Appeals upheld an indefinite sentence of two to five years. There, the appellant originally had been indicted on felonious assault and the jury returned a guilty verdict on a lesser included offense of aggravated assault. The appellant contended that since the original indictment did not contain the physical harm specification the court had no authority to impose an indefinite sentence.

The court in *Gillenwater, supra*, at 8 noted the problem presented by R.C. 2941.143:

"* * *the General Assembly did not clearly manifested its intention as to whether the specification was required only when a third or fourth degree felony was specifically charged in the indictment, or whether, when an offense of a greater degree is charged in the indictment, such indictment must also include a specification or else an indefinite sentence is precluded if the defendant is found guilty of an included or lesser offense of the third or fourth degree."

We disagree with those two decisions. We have already set forth our position on this issue in *State* v. *Baker* (June 16, 1989) Trumbull App. No. 3971, unreported, and in *State* v. *Goodrich* (Nov. 3, 1989), Portage App. No. 88-P-2005, unreported.

The prosecutor has suggested that a vacation of the entire plea is required if we reverse on this point. We disagree, and further, there has been no cross-assignment of error on this point.

Since the amended indictment lacked the required specification of physical harm pursuant to R.C. 2929.11(D), the appellant is entitled to a definite sentence. We, therefore, reverse and remand only for the purpose of sentencing.

*Judgment reversed and*
*cause remanded.*

MAHONEY, J., and FORD, J., concur.