DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
On September 10, 1996, Richard Brintzenhofe was convicted of gross sexual imposition, in violation of R.C. 2907.05(A)(5), and of corruption of a minor, in violation of R.C. 2907.04. He was sentenced for those crimes on September 24, 1996, and began serving his sentence in February 1997. An adjudicatory hearing was held pursuant to R.C. 2950.09(C) on January 13, 1998, at which the court found him to be a habitual sex offender and imposed twenty years of registration and community notification on him.
Brintzenhofe has appealed this determination. He has assigned as error that (1) his stipulation that he was a habitual sex offender was insufficient to form the basis for the judge's determination that he was a habitual sex offender; (2) the imposition of registration and community notification after his prison sentence had begun violated his constitutional right against double jeopardy; (3) his adjudication as a habitual sex offender under a law which became effective after his commission of the crime violated constitutional prohibitions against retroactive and ex post facto laws. We overrule his assignments of error and affirm the judgment below.
 II
In September 1996 Brintzenhofe was convicted of and sentenced for two sex offenses. The record contains no direct evidence that he had previously been convicted of a sexually oriented offense. At the sexual predator hearing, held pursuant to R.C. 2950.09(C), Brintzenhofe stipulated that "he would be found to be a habitual sexual offender, which calls for the 20 year reporting period." He reserved his right to "challenge the constitutionality of this law and application to his case." The court then held that, "Upon consideration of the factors set forth in R.C. 2950.09 and the evidence presented herein, the Court FINDS by clear and convincing evidence that the Defendant engaged in acts which indicate he is a Habitual Sex offender-subject to community notification." It then determined him to be a habitual sex offender.
 III A. Waiver
An individual convicted of and sentenced for a sexually oriented offense prior to January 1, 1997,[1] and who is incarcerated in a state correctional institution some time on or after that date[2] is subject to being adjudicated a sexual predator. R.C. 2950.09(C). If the court holds a hearing the judge "shall determine by clear and convincing evidence whether the offender is a sexual predator." R.C. 2950.09(C)(2). In finding that an offender is "likely to engage in the future in one or more sexually oriented offenses," R.C. 2950.01(E), the judge is to consider factors generally related to the sex offense(s) and any "prior criminal record regarding all offenses, including, but not limited to all sexual offenses[.]" R.C. 2950.09(B)(2). There is no authority in the version of the statute that was in effect from January 1, 1997, through March 29, 1999, for a determination, during a sexual predator hearing, that an individual is a habitual sex offender.[3]
Individuals who were convicted of a sexually oriented offense on or after January 1, 1997, may be determined to be habitual sex offenders pursuant to R.C. 2950.09(E). To make that determination the judge must ascertain, prior to sentencing, whether "the offender previously has been convicted or pleaded guilty to a sexually oriented offense." Id. At the sentencing hearing, the judge "shall specify in the offender's sentence and the judgment of conviction that contains the sentence that the judge has determined that the offender is a habitual sex offender and may impose a requirement in that sentence and judgment of conviction that the offender be subject to the community notification provisions[.]" Id.
Sexual predators are subject to lifetime registration and community notification. R.C. 2950.07(B)(1). A person convicted of and sentenced for a sex offense prior to January 1, 1997, who has not been adjudicated a sexual predator, may still be subject to registration provisions. Such an individual, who is released from incarceration for commission of a sexually oriented offense on or after the effective date of the statute, must register for ten years following his release. R.C. 2950.04(A)(1);2950.07(B)(3). An individual who, on December 31, 1996, was a habitual sex offender by operation of law pursuant to the former R.C. 2950.01, and who is thereafter released remains subject to registration requirements for ten years from his release date. R.C. 2950.04(A)(3); 2950.07(B)(3). Habitual sex offenders, convicted on or after January 1, 1997, who were determined to be such at the sentencing for their sexually oriented offense, may be required to comply with registration and community notification provisions for twenty years. R.C. 2950.07(B)(2).[4]
Britzenhofe has contended, generally, that "defendant-appellant [did not meet] the statutory criteria for classification as a habitual sexual offender." Specifically, he has asserted that the trial judge abused his discretion by finding Brintzenhofe to be a habitual sex offender when the record contains no direct evidence of a prior conviction, other than his stipulation that he would be found to be a habitual sex offender. A stipulation is a "[v]oluntary agreement * * * concerning [the] disposition of some relevant point so as to obviate [the] need for proof[.]" Burdge v. Bd. of Cty. Commrs. (1982), 7 Ohio App.3d 356,358, quoting Black's Law Dictionary (5 Ed. 1979) 1269. By stipulating that he was a habitual sex offender, Brintzenhofe has waived his right to challenge the sufficiency of the state's evidence establishing that he was one.
The subsection that permits the judge to determine that an offender is a habitual sex offender, and to extend the registration period and impose community notification, applies only to individuals who were convicted on or after the effective date in the statute.[5] R.C. 2950.09(E). An individual convicted prior to that date either was a habitual sex offender, or was not, by operation of law based on whether he "was convicted two or more times, in separate criminal actions, for commission of any of [the qualifying sex offenses]." R.C. 2950.01(A) (version in effect prior to January 1, 1997).
In the criminal context, we have held that parties who enter into a plea bargain for a particular punishment, that is within the range permitted by statute for that offense, waive the right to later assert lack of compliance with a provision that would otherwise mandate a different punishment. In Statev. Coleman, William Coleman pled not guilty the first degree felony for which he was indicted. State v. Coleman
(1986), 30 Ohio App.3d 256, 257. As part of a plea bargain, he later pled guilty to a third degree felony and agreed to accept an indefinite sentence. Id. On appeal, he assigned as error that the relevant statute mandated a definite sentence because the indictment did not include the specification that would permit an indefinite sentence to be imposed.Id. In rejecting the asserted error, we noted that,
 The defendant got one of the sentences provided by law for a third degree felony. By asking for that sentence, he waived the [statutory] provisions * * * which would have required the other type sentence. * * * He asked for something which he is in fact receiving. He has waived his right to seek something which hindsight has apparently revealed to him is more attractive than that which he originally requested.
Id. We have incorporated that reasoning in several decisions since then. See, e.g., State v. Dinger (Nov. 22, 1995), Summit App. No. 17250, unreported, at 4.
A sexual predator hearing was scheduled for Brintzenhofe. Because he was convicted of a sexually oriented offense he was already required to register for ten years. At the hearing, he faced the possibility of having the registration period extended for the remainder of his life, and of having lifetime community notification imposed, as well. Brintzenhofe, the pastor of a church, committed a sexual offense involving sexual intercourse with a teenage parishioner of his church, and at least one earlier incident that involved sexual touching when the girl's ability to resist or consent was substantially impaired because of a mental or physical condition. It was not unlikely that he would have been adjudicated a sexual predator, whether or not he had committed a prior sexually oriented offense. At the time, it might well have seemed preferable to Brintzenhofe to accept the certainty of twenty years of compliance rather than the substantial risk of having lifetime compliance imposed on him. If Coleman, a criminal defendant, can waive the right to strict compliance with the sentencing statute by plea bargaining, Brintzenhofe can waive strict statutory compliance by his explicit stipulation that he accepted the "habitual sexual offender [designation and] the 20 year reporting period," that is authorized for some such offenders.
In addition, the doctrine of invited error applies. Under that doctrine, "a party will not be permitted to take advantage of an error which he himself invited or induced the court to make."Lester v. Leuck (1943), 142 Ohio St. 91, paragraph one of the syllabus. By his stipulation, he invited the court to apply the procedures and the registration and notification provisions of R.C. 2950.09(E) to his situation. Although that subsection does not, by its terms, apply to him, if it was error to accept his stipulation to its application to him, it was an error he invited, and will not be corrected. Britzenhofe's first assignment of error is overruled.
 Double Jeopardy
The Double Jeopardy Clause prohibits "multiple punishments for the same offense." United States v. Halper
(1989), 490 U.S. 435, 440, 104 L.Ed.2d 487, 496. The Supreme Court of Ohio has determined that the sexual offender law is remedial rather than punitive. See State v. Cook (1998),83 Ohio St.3d 404, 423. Because the statute is not punitive it does not impose an additional punishment. Britzenhofe's second assignment of error is overruled.
 Ex Post Facto and Retroactivity
In Cook, the Supreme Court of Ohio held that the provisions of 2950.09(B) violated neither the Retroactivity Clause of Section 28, Article II of the Ohio Constitution nor the Ex Post Facto Clause of Section 10, Article I of the United States Constitution. Cook, 83 Ohio St.3d at paragraphs one and two of the syllabus. The Cook decision is a narrow one, directly applicable only to 2950.09(B). This portion of the statute applies to individuals sentenced on or after the effective date of the statute, regardless of when the offense was committed. R.C. 2950.09(C) has a much broader reach. By its language, it appears to apply to any individual who is incarcerated in a state correctional institution, for any reason, at any time on or after January 1, 1997, so long as that individual has a prior conviction for a sexually oriented offense for which he has already been sentenced.[6] The most common scenario to which R.C.2950.09(C) is applied is the one in which Brintzenhofe finds himself, and we confine our decision to those circumstances. Brintzenhofe was convicted of and sentenced for a sexually oriented offense prior to January 1, 1997. He was still incarcerated for that offense at the time of the sexual predator hearing.
The analysis in Cook depended primarily upon the determination that Chapter 2950 was remedial, rather than punitive, and imposed compliance only with de minimis
procedural requirements on individuals for actions which occurred prior to the effective date of the statute. Prior to the Cook decision, we held that R.C. 2950.09(C) was not an unconstitutionally retroactive or ex post facto
law. State v. Kimble (Feb. 4, 1998), Lorain App. No. 97CA006730, unreported. Our reasoning in State v. Kimble with respect to R.C. 2950.09(C) is consistent with the Cook analysis of R.C. 2950.09(B), in that both permit the registration and community notification to be imposed or extended based on actions which took place prior to the effective date of the statute. At least under the circumstances presented in the case sub judice, R.C. 2950.09(C) does not violate either the Retroactivity Clause of the Ohio Constitution or the Ex Post Facto Clause of the United States Constitution.
Britzenhofe's third assignment of error is overruled.
 IV
We overrule Britzenhofe's first assignment of error because by stipulating to a particular designation and the related reporting and community notification requirements, he has waived his right to complain about the trial court's imposition of the same. As we have previously held, R.C. 2950(C) does not violate constitutional prohibitions against double jeopardy, ex postfacto, or retroactive laws so we overrule Britzenhofe's remaining assignments of error. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. ___________________________ WILLIAM R. BAIRD
FOR THE COURT
SLABY, J.
REECE, J.
CONCUR
(Reece, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)
[1] The phrase "was not sentenced for the offense on or after January 1, 1997" includes, most commonly, those individuals who were sentenced prior to that date. It also includes a smaller category of individuals who, at the time R.C. 2950.09(C) applies to them, had not been sentenced at all for their sex offenses. Brintzenhofe is included in the former category.
[2] The incarceration need not be related to the most recent conviction for a sexually oriented offense, or to any sexually oriented offense at all. See State v. Johnson (Sept. 24, 1998), Franklin App. Nos. 97APA12-1585 97APA12-1589, unreported.
[3] There were three periods of habitual sex offender classification during the pendancy of this case. Under the statute in effect before the 1997 revision of the sexual offender statutes, an offender became a habitual sex offender by operation of law upon his conviction for a second, or subsequent, sex offense. R.C. 2950.01(A) (version in effect prior to the January 1, 1997 amendment). The statute in effect from January 1, 1997 through March 29, 1999, did not provide a means to reaffirm the status of anyone who was, on December 31, 1996, already a habitual sex offender. R.C. 2950.09(C) (version in effect from January 1, 1997 through March 29, 1999). The statute was revised, effective March 30, 1999, to direct that the court must also determine whether the individual is a habitual sex offender during a sexual predator hearing held pursuant to R.C. 2950.09(C).
[4] Even after the March 30, 1999, revision, the permitted twenty year registration and community notification provision appears to apply only to individuals determined to be habitual sex offenders pursuant to R.C. 2950.09(E), the provision for individuals convicted on or after January 1, 1997. R.C.2950.07(B)(2). It does not appear to apply to individuals determined to be habitual sex offenders pursuant to the most recent revision of R.C. 2950.09(C), the provision that applies generally to individuals already convicted and sentenced who are incarcerated at some time on or after January 1, 1997. The judge may impose registration and community notification, R.C.2950.09(C)(ii)-(iii), but the duration is ten years, rather than twenty, R.C. 2950.07(B)(3).
[5] Pursuant to the version of the R.C. 2950.09 that was in effect on the date of Britzenhofe's hearing.
[6] See supra notes.