DECISION AND JUDGMENT ENTRY
Jon Lesley Dennis appeals his conviction by the Pike County Court of Common Pleas for rape, a violation of R.C.2907.02(A)(1)(B). Dennis asserts that he did not receive effective assistance of counsel. We disagree, because counsel's actions were reasonable and might be considered sound trial strategy under the circumstances. Dennis also asserts that the trial court erred by accepting his plea even though he did not enter it knowingly, intelligently and voluntarily. We disagree, because the trial court engaged in a dialogue with Dennis as required by Crim.R. 11 that revealed that Dennis did so enter his plea. Next, Dennis contends that the trial court violated Ohio law and his due process rights by failing to give him notice of the sexual predator classification hearing to which he was entitled, and that the trial court erred by designating him as a sexual predator. We disagree, because the record reflects that Dennis knowingly, intelligently and voluntarily waived his right to a hearing and consented to designation as a sexual predator and, therefore, the invited error doctrine precludes Dennis from advancing those assignments of error. Accordingly, we affirm the judgment of the trial court.
 I.
On May 19, 1999, police arrested Dennis and took him into custody on allegations that he raped a child under the age of thirteen. The following day, Dennis appeared with counsel before the trial court to answer that allegation, which the state set forth in a bill of information. At that appearance, Dennis waived his right to an indictment by a grand jury and expressed his wish to plead guilty.
In assessing whether Dennis could knowingly, intelligently and voluntarily waive his rights and enter a plea, the trial court engaged in an extensive dialogue with Dennis in accordance with Crim.R. 11. When the trial court asked Dennis whether he was under the influence of any drugs, he informed the court that he takes a prescription drug every night. The court inquired whether the drug affected Dennis' ability to make decisions. Dennis indicated that it did not, and affirmatively stated that he understood everything that was going on in the courtroom.
The trial court went on to ask if Dennis was satisfied with his counsel, and Dennis replied that he was. The trial court explained that the minimum penalty for a conviction of R.C. 2907.02(A)(1)(B) was three years, and that the maximum penalty was ten years. Additionally, the court explained that Dennis had the right to a hearing on sexual predator classification. Dennis indicated that he understood all of this information.
The state presented the plea negotiations to the court. In exchange for Dennis waiving a grand jury indictment, pleading guilty, waiving a sexual predator hearing and consenting to designation as a sexual predator, the state agreed to recommend a prison sentence of five years with no monetary fine. The state also informed the court that it possessed information that Dennis engaged in sexual conduct with two young girls, but that the plea negotiation on one charge would settle any existing or potential charges with respect to both girls.
In its recitation of the facts, the state indicated that Dennis engaged in oral sex with his daughter and that he touched his daughter's friend in her vaginal area. Both girls were under the age of thirteen. Dennis affirmed that he did in fact commit those acts, whereupon he pled guilty. The trial court accepted his plea and found that he entered it knowingly, intelligently and voluntarily.
The trial court again informed Dennis that he possessed the right to a separate sexual predator classification hearing, and Dennis waived the hearing. The trial court then sentenced Dennis to five years in prison and designated him a sexual predator.
Dennis did not timely file an appeal, but filed a motion for a delayed appeal that this court granted. Dennis asserts the following assignments of error for our review:
 I. The defendant-appellant was denied effective assistance of counsel in violation of his constitutional rights pursuant to the 6th and 14th Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.
 II. The trial court erred to the prejudice of defendant-appellant by accepting a plea of guilty to a bill of information without a proper determination as to whether said plea was knowingly, voluntarily and intelligently entered.
 III. The trial court erred in contravention of defendant-appellant's constitutional rights to due process of law by not providing adequate notice of the sexual predator classification hearing.
 IV. The trial court erred to the prejudice of the defendant-appellant by making an improper finding that the defendant-appellant was a sexual predator pursuant to R.C. 2950.01 and 2950.09.
 II.
In his first assignment of error, Dennis asserts that his trial counsel did not render effective assistance. Specifically, Dennis complains that the fact that only one day elapsed between his arrest and his guilty plea proves that his counsel did not adequately investigate the case on his behalf. The state contends that Dennis' counsel negotiated a favorable plea agreement given that the state possessed information that Dennis engaged in sexual activity with two young girls, yet it agreed to charge him on only one count of rape and to recommend only a five-year sentence on that count. The state also notes that Dennis informed the court that he was satisfied with his counsel's service. Dennis did not express any desire for his counsel to engage in further negotiations or investigation.
In State v. Ballew (1996), 76 Ohio St.3d 244, 255, the Ohio Supreme Court stated the following:
 Reversal of a conviction or sentence based upon ineffective assistance requires (a) deficient performance, "errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment"; and (b) prejudice, "errors * * * so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington (1984), 466 U.S. 668, 687.
As to deficient performance, "a court must indulge a strong presumption that, counsel's conduct falls within the wide range of reasonable professional assistance." Strickland at 689. Furthermore, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. "[T]here can be no such thing as an error-free, perfect trial, and * * * the Constitution does not guarantee such a trial." United States v. Hasting
(1983), 461 U.S. 499, 508-509.
In this case, the record reflects Dennis and his counsel were aware of the possibility of a second charge, and that the plea agreement would resolve the consequences of Dennis' conduct with respect to both of his victims. Additionally, the record shows that the state agreed to recommend a five-year prison sentence, where the maximum potential sentence on the rape charge alone was ten years. Given these factors, we find that counsel's representation might be considered sound trial strategy. Therefore, Dennis' counsel's performance was not deficient, and Dennis received effective assistance of counsel.
Accordingly, we overrule Dennis' first assignment of error.
 III.
In his second assignment of error, Dennis asserts that he did not enter his plea knowingly, intelligently and voluntarily. Specifically, Dennis asserts that the trial court failed to inquire into whether Dennis' prescription medication affected his ability to understand the proceedings. The state contends that the trial court thoroughly questioned Dennis in assessing Dennis' ability to knowingly, intelligently and voluntarily enter a plea.
In assessing whether Dennis could knowingly, intelligently and voluntarily waive his rights and enter a plea, the trial court engaged in an extensive dialogue with Dennis in accordance with Crim.R. 11. When the trial court asked Dennis whether he was under the influence of any drugs, he informed the court that he takes a prescription drug every night. The court inquired whether the drug affected Dennis' ability to make decisions, whereupon the following dialogue occurred:
Dennis: I don't know. It's a uh, . . .
 Court: What I'm trying to determine is if you have a clear mind today . . .
Dennis: Yes.
 Court: . . . and are you . . . you are not under the influence of the medication to . . .
Dennis: No.
 Court: . . . the point that you are having problems understanding what is going on?
Dennis: No, I understand everything.
The dialogue between the trial court and a defendant required by Crim.R. 11 encompasses the constitutional due process requirements. State v. Johnson (1988), 40 Ohio St.3d 130,133. Where, as here, the trial court engages in a dialogue with the defendant as required by Crim.R. 11 and makes a finding that the defendant is knowingly, intelligently and voluntarily entering a plea, we presume that the defendant was afforded due process. State v. Moore (1994), 99 Ohio App.3d 748, 755-756.
In this case, the record simply does not support Dennis' assertion that the trial court did not inquire into the effects of his prescription medication. To the contrary, the record reflects that the trial court did not proceed when Dennis stated that he had a clear mind. Rather, the trial court continued to inquire into the issue until Dennis affirmed that he understood the proceedings. Thus, the trial court clarified that Dennis could enter a plea knowingly, intelligently and voluntarily despite the fact that he was taking prescription medication.
We find that the trial court did not err in determining that Dennis entered his plea knowingly, intelligently and voluntarily. Accordingly, we overrule Dennis' second assignment of error.
 IV.
In his third assignment of error, Dennis asserts that the trial court did not give him adequate notice of the sexual predator classification hearing. In his fourth assignment of error, Dennis asserts that the trial court erred in classifying him as a sexual predator. However, the record reflects that Dennis waived his right to a sexual predator classification hearing and consented to classification as a sexual predator.
When a defendant enters into a plea bargain for a particular punishment or consequences that are within the range permitted by statute for the offense, he waives the right to later assert lack of compliance with statutory provisions that might otherwise result in different procedures or consequences.State v. Coleman (1986), 30 Ohio App.3d 256, 257. "Under the invited-error doctrine, a party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make." State ex rel. Bitter v. Missig (1995),72 Ohio St.3d 249, 254, citing State ex rel. Fowler v. Smith
(1994), 68 Ohio St.3d 357, 359. In particular, in the context of a plea bargain, the defendant has "asked for something which he is in fact receiving. He has waived his right to seek something which hindsight has apparently revealed to him is more attractive than that which he originally requested." Coleman at 257; see, also, State v. Brintzenhofe (May 12, 1999), Summit App. No. 18924, unreported (applying Coleman to a defendant's appeal of his designation as a habitual sex offender).
The record reveals that, as part of his plea negotiations, Dennis agreed to waive a sexual predator classification hearing and consented to designation as a sexual predator. Dennis argues that this waiver was not effective because he did not sign the portion of the written waiver regarding the sexual predator classification hearing. However, we find that the dialogue on the record establishes that he waived his right to the hearing. In particular, the trial court twice gave Dennis notice of his right to a sexual predator classification hearing, and both times Dennis stated that he waived that right. Thus, as it was resolved that no sexual predator classification hearing would be held, we find that the trial court did not err by failing to give Dennis notice of the non-existent hearing.
Additionally, we find that Dennis' waiver of his right to a hearing and consent to classification as a sexual predator invited any error that the trial court might have committed by failing to give Dennis notice of a hearing, by failing to hold a hearing, or by finding that Dennis is a sexual predator. Pursuant to R.C. 2950.09, the trial court may designate a person who commits a sexually oriented offense such as rape to be a sexual predator. Thus, designation as a sexual predator is a consequence of rape that is permitted by statute. Dennis agreed to waive the hearing required by R.C. 2950.09 and consent to classification as a sexual predator pursuant to plea negotiations. Dennis received what he requested. He cannot now claim that the trial court erred by granting his request.
Accordingly, we overrule Dennis' third and fourth assignments of error.
 V.
In conclusion, we find that Dennis' counsel effectively represented him in plea negotiations, that Dennis knowingly, intelligently and voluntarily waived his due process rights and his right to a sexual predator classification hearing, and that Dennis invited any error pertaining to the trial court's failure to notify Dennis of a hearing and its classification of Dennis as a sexual predator. Accordingly, we overrule each of Dennis' assignments of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure.
Exceptions.
Abele, J. and Harsha, J.: Concur in Judgment and Opinion.
For the Court
 BY: ________________________ Roger L. Kline, Presiding Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.