JOURNAL ENTRY AND OPINION
Defendant-appellant Ronald D. Strzala, pro se (d.o.b. January 22, 1955), appeals on the accelerated docket from the trial court's denial of his motion to withdraw his guilty plea to the following: (1) count 1 aggravated vehicular assault, R.C. 2903.08 (with driving under the influence and driving under suspension specifications); and, (2) count 2 — driving under the influence ("DUI"), R.C. 4511.19, with three prior driving under the influence convictions under R.C. 4511.19 within the past six years (with a driving under suspension specification under count 2).[1] For the reasons adduced below, we affirm.
A review of the record on appeal indicates that the offenses herein occurred on August 11, 1999, at 10:18 p.m., at which time appellant, while operating a 1997 Mercury Cougar motor vehicle under the influence of alcohol and while on probation, struck and seriously injured a ten-year-old male bicyclist on Hearthstone Avenue in Parma, Ohio. The police report of the accident indicates that appellant refused to submit to field sobriety tests.
On August 13, 1999, a capias for appellant, who lived on West 50th Street in Parma, Ohio, with his wife and two adult sons, was returned and he was placed in custody.
The indictments herein were returned on August 18, 1999. On August 23, 1999, appellant entered a plea of not guilty and attorney George F. Lonjack was assigned as defense counsel. Thereafter, normal pre-trial discovery by the parties ensued.
On September 1, 1999, at a pre-trial conference, appellant notified the trial court that he had retained attorney Harvey Bruner as defense counsel.
On September 21, 1999, in open court with counsel and the police detective who investigated the offenses present, appellant retracted his original plea and entered a plea of guilty to the offenses and specifications charged in the indictment. At this hearing it was noted that attorney Bruner was also representing appellant for felony probation violations stemming from the pending charges. The prosecution summarized the offenses and the possible penalties associated with each count of the indictment. (Tr. 3-4.) Counsel then recounted the substance of the proposed plea bargain: (1) that appellant agree to the maximum consecutive sentence (2.5 years total) for the two counts herein, with 1.5 years to be served in prison on count 1, and 1 year to be served in local county jail on count 2; (2) that appellant would then plead guilty in the felony probation violation cases and accept a consecutive sentence on only two of the violations, with community control sanctions on the third violation; (3) that appellant would be on probation for five years following his release from incarceration on the present case. (Tr. 5-6.) The trial court then addressed the appellant and asked a variety of questions in order to ascertain that the plea was knowingly, voluntarily and intelligently made and was in compliance with Crim.R. 11. (Tr. 7-14.) Appellant testified that he understood all that was being said, that no threats were made to him in order to induce his change in plea, that his plea of guilty was made voluntarily, and that he was guilty of both counts. Id. The court then heard a statement from Ms. Schoenfeld, the victim's mother, who stated that her family had undergone a great amount of fear, pain and suffering due to the appellant's conduct and that the victim had spent months learning to walk and talk again. (Tr. 16-17.) At that point in the hearing, the court heard from the appellant during the following exchange which occurred immediately after the victim's mother had made her statement:
 THE DEFENDANT: I'm sorry, Ms. Schoenfeld. It's hard to live with guilt. I beg forgiveness. God knows my heart was in the right place, `cause I stopped and I showed compassion, Ms. Schoenfeld. I was there. I stopped, and I showed compassion.
 MS. SCHOENFELD: You laughed and said, "What's the big deal." This is the big deal, you know.
THE DEFENDANT: It wasn't like —
 MS. SCHOENFELD: It was the alcohol talking, I understand that. But I don't —
THE DEFENDANT: I'm sorry. (Tr. 17-18.)
* * *
 THE DEFENDANT: Your Honor, I apologize to the Court, also.
 THE COURT: That's okay. It's my job. Good luck. (Tr. 19.)
The journal sentencing entry, journalized on September 22, 1999, which reflects the imposition of maximum and consecutive sentences, provides:
 Defendant in court with counsel Harvey Bruner. Prosecuting attorney Jim Valentine present. Defendant was advised of all constitutional rights and penalties.
 Defendant retracts former plea of not guilty and enters a plea of guilty to aggravated vehicular assault w/DUS and DUI specifications ORC 2903.08 F-4 (SB2) as charged in count 1 and driving under the influence (PC) driver under suspension ORC 4511.19 F-4 (SB2) as charged in count 2. Defendant addresses the court.
 It is therefore ordered and adjudged that the defendant is sentenced to Cuyahoga County jail for a term of 1 year as to count 2 and to Lorain Correctional Institution for a term of 18 months, counts to run consecutive to each other; incarceration time to be served at Lorain Correctional Institution. Driver's license is suspended for life. Defendant to pay court costs. Sheriff to transport.
On October 19, 2000, appellant, acting pro se, filed his motion to withdraw his guilty plea pursuant to Crim.R. 32.1 in which he asserted a variety of claims for relief and requested an evidentiary hearing. The trial court, without conducting an evidentiary hearing, denied the motion to withdraw the guilty plea without opinion or findings on October 19, 2000 (see order of denial journalized on October 26, 2000). Inexplicably, the trial court denied the motion to withdraw a second time on October 23, 2000 (see order of denial journalized on October 30, 2000), and for a third time on December 14, 2000 (see order of denial journalized on December 21, 2000). The appellant's February 2, 2001 delayed notice of appeal is from the final order of October 23, 2000, which denied his motion to withdraw his guilty plea for the second time.[2]
Four assignments of error are presented for review.
The first assignment of error provides:
 I THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO CONDUCT AN EVIDENTIARY HEARING ON THE MOTION TO WITHDRAW PLEA.
Withdrawal of a guilty plea made after sentence has been imposed is merited only when the defendant-movant demonstrates the existence of manifest injustice. See State v. Smith (1977), 49 Ohio St.2d 261, paragraphs one and two of the syllabus; Crim.R. 32.1. "A hearing on a post-sentence motion to withdraw a guilty plea is not required if the facts alleged by the defendant and accepted as true by the trial court would not require the court to allow the withdrawal of the plea." Statev. Wyley (Mar. 15, 2001), Cuyahoga App. No. 78315, unreported, 2001 Ohio App. LEXIS 1155 at 10, citing State v. Wynn (1998), 131 Ohio App.3d 725,728.
In arguing this assignment of error, appellant claims that his trial counsel was ineffective with regard to: (1) counsel not being aware of relevant law; (2) counsel should have had appellant enter a plea of "no contest" instead of a guilty plea, which may have mitigated appellant's exposure to civil liability; (3) counsel not interviewing favorable witnesses; and, (4) permitting appellant to plead to a DUI specification under count 1 and the identical charge under count 2. Specifically, appellant states the following:
 * * * counsel failed to arm himself with the relevant law of the case, by not being aware that the absence of a legitimate DUI element lowered the degree of the offense; allowed Appellant to plead guilty, rather than no contest, thereby, unknowingly to Appellant, exposing Appellant to future civil liability in this case; failed to interview favorable witnesses, and allowed Appellant to plead to a specification and an identical separate charge, which was never properly charged under the statutory or constitutional charging requirements.
Appellant's brief at 1.
The motion to withdraw the guilty plea, apart from making the allegations against his trial counsel, contains no evidentiary support for these allegations. Thus, counsel's alleged inattention to relevant law and failure to interview favorable witnesses do not rise to a demonstration of the ineffectiveness of trial counsel, and the trial court did not err in failing to conduct an evidentiary hearing on same.
With regard to the two remaining allegations, the no contest allegation is unsupported by the record. It assumes, without evidentiary support, that a "no contest" plea was in fact available from the state as part of the plea bargain; there is no evidence that a no contest plea was available. As for the final allegation, there is no authority which bars the concurrent charging of a separate DUI count and the use of such DUI conduct to form the basis for a DUI specification on another count. Accordingly, the trial court did not err in failing to conduct an evidentiary hearing on the motion to withdraw.
The first assignment of error is overruled.
The second assignment of error provides:
 II THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO GRANT RELIEF ON THE MOTION TO WITHDRAW GUILTY PLEA BASED UPON THE DOUBLE JEOPARDY IMPLICATIONS IN THE RESULTANT SENTENCE.
In this assignment, appellant argues that he was subject to double jeopardy and punished twice for the same offense. Specifically, appellant argues that he was punished once for count 2 (driving under the influence), and punished a second time when that purportedly same DUI conduct was used as a specification in count 1 (aggravated vehicular assault).
The Fourth Appellate District recently addressed the use of double jeopardy in the context of aggravated vehicular assault and DUI in Statev. Carbaugh (Feb. 26, 2001), Athens App. No. 00CA043, unreported, 2001 Ohio App. LEXIS 740 at 3-5:
 The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution is applicable to the states through the Fourteenth Amendment and provides that no person shall, for the same offense, be twice put in jeopardy of life or limb. See, also, Section 10, Article I, Ohio Constitution. The Double Jeopardy Clause embodies three basic protections: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense. Grady v. Corbin
(1990), 495 U.S. 508, 109 L. Ed. 2d 548, 110 S.Ct. 2084, citing North Carolina v. Pearce (1969), 395 U.S. 711, 717, 23 L.Ed.2d 656, 89 S.Ct. 2072.
In State v. Best (1975), 42 Ohio St.2d 530, 533,330 N.E.2d 421, the Ohio Supreme Court set forth four factors to consider when reviewing claims of double jeopardy: (1) whether there was a prior prosecution in the same state for the identical offense; (2) whether the same person was charged relative to the first prosecution; (3) whether the same parties were involved in both prosecutions; and (4) whether the first offense prosecuted was of such a nature as to constitute a bar to the successive prosecution. Id. at 533.
The Best court noted that the test for determining whether a conviction for one offense bars prosecution of a related offense is set forth inBlockburger v. U.S. (1932), 284 U.S. 299, 304, 76 L.Ed. 306,52 S.Ct. 180:
 The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. Gavieres v. United States, 220 U.S. 338, 342, 55 L.Ed. 489, 31 S.Ct. 421, and authorities cited. In that case this court quoted from and adopted the language of the Supreme Court of Massachusetts in Morey v. Commonwealth, 108 Mass. 433: "A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other."
42 Ohio St. 2d at 534.
In the present case, the two offenses require the following:
R.C. 2903.08 — Aggravated vehicular assault
 (A) No person, while operating or participating in the operation of a motor vehicle * * * shall cause serious physical harm to another person or another's unborn in either of the following ways:
 (1) As the proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code or of a substantially equivalent municipal ordinance;
(2) Recklessly.
And,
R.C. 4511.19 — Driving while under the influence of alcohol or drugs
 (A) No person shall operate any vehicle * * * within this state, if any of the following apply:
 (1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse;
* * *
As can be seen from the statutory language for these two offenses, the facts needed for a conviction of R.C. 2903.08 requires additional facts which are not required by the other offense, to-wit, R.C. 2903.08
requires recklessness and a violation of R.C. 4511.19. Thus, double jeopardy does not attach.
The second assignment of error is overruled.
The third assignment of error provides:
 III THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO GRANT RELIEF ON THE MOTION TO WITHDRAW GUILTY PLEA, BASED UPON THE INVALIDITY OF THE INDICTMENT WITH REGARD TO THE SECOND, D.U.I. COUNT.
In this assignment, appellant argues that a fourth degree felony DUI offense under R.C. 4511.19 may only be brought where the accused has been previously convicted of five (5) DUI offenses. Appellant reasons that, since he had only three prior convictions for driving under the influence in violation of R.C. 4511.19, he pled guilty to a defective indictment. This argument is without merit.
R.C. 4511.99(A)(4)(a) clearly provides that if "within six years of the offense, the offender has been convicted of or pleaded guilty to three or more violations of division (A) or (B) of section 4511.19 * * *, the offender is guilty of a felony of the fourth degree." The DUI offense herein contained three prior convictions of driving under the influence in violation of R.C. 4511.19, and that these three prior offenses occurred within six years of the offense in issue. We conclude that the indictment on the DUI offense was not defective for purposes of R.C.4511.99(A)(4)(a).
The third assignment of error is overruled.
The fourth, and final, assignment of error provides:
 IV THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY NOT INFORMING OR ALLOWING APPELLANT A "NO CONTEST" PLEA BASED UPON THE OHIO TRAFFIC RULES, CRIMINAL RULES AND THE U.S. CONSTITUTION.
In this assignment, appellant argues that the trial court erred in not fully informing him of his rights by pleading guilty, rendering his plea to be not knowingly made. Specifically, appellant generally complains that the trial court should have informed him that he had a right to plead no contest. Thus, appellant argues that in pleading guilty, and not pleading no contest, he was exposed to civil liability for his negligence.
In support of this argument, appellant points to several citations of authority to demonstrate that he had a right to plead no contest. First, appellant cites to Traf.R. 10(D); however this rule is irrelevant to the offenses herein because Traf.R. 10(D) applies only in misdemeanor cases involving petty offenses; appellant was charged with felony offenses, not misdemeanors, therefore the trial court did not err in failing to mention a no contest plea at the plea hearing. Second, appellant cites to Crim.R. 11(D) and (E); however these sections are also irrelevant to the felony offenses in issue because Crim.R. 11(D) and (E) apply only in misdemeanor cases involving serious offenses or petty offenses; again, the offenses herein were not misdemeanor offenses, so the trial court had no obligation to comply with the dictates of Crim.R. 11(D) and (E).
The fourth assignment of error is overruled.
In summary, the trial court did not err in denying the motion to withdraw the guilty plea without an evidentiary hearing.
Prior to concluding this opinion, we note plain error in that the sentence is fundamentally flawed. The trial court did not state, on the record, the findings required for the imposition of either a maximum sentence or a consecutive sentence. See State v. Steimle (Dec. 7, 2000), Cuyahoga App. Nos. 77005, 77006, 77302, 77303, unreported, 2000 Ohio App. LEXIS 5708 (plain error recognized in sentencing proceedings with regard to the imposition of consecutive sentences pursuant to R.C.2929.14[E][4] and R.C. 2929.19[B][2][c]). Additionally, the trial court did not state on the record its reasons in support of these required findings. See R.C. 2929.14(B), (C) and (E)(4), and R.C.2929.19(B)(2)(c); also see State v. Edmonson (1999), 86 Ohio St.3d 324; State v. Bolling (Jul. 19, 2001), Cuyahoga App. No. 78632, unreported, 2001 Ohio App. LEXIS 3248; State v. Maynard (Jul. 12, 2001), Cuyahoga App. No. 78167, unreported, 2001 Ohio App. LEXIS 3094; State v. Durden
(May 17, 2001), Cuyahoga App. No. 78068, unreported, 2001 Ohio App. LEXIS 2180; State v. DeAmiches (Mar. 1, 2001), Cuyahoga App. No. 77609, unreported, 2001 Ohio App. LEXIS 768. Absent these required findings, and the reasons for the findings, on the record, the entire sentence must ordinarily be vacated and the matter remanded for re-sentencing in its entirety. Bolling, supra 2001 Ohio App. LEXIS 3248 at 9, citing Bolton,supra, and R.C. 2953.08(G)(1). However, the record demonstrates that the agreed-upon sentence of imprisonment, with its maximum and consecutive terms of incarceration, was central to the plea agreement. Thus, appellant has waived any error with regard to that sentence because he received the agreed-upon sentence that he bargained for. See State v.Coleman (1986), 30 Ohio App.3d 256, 257-258; State v. Ross (Mar. 2, 2001), Lake App. No. 2000-L-029, unreported, 2001 Ohio App. LEXIS 786;State v. Charles (Dec. 30, 1999), Ashtabula App. No. 98-A-0044, unreported, 1999 Ohio App. LEXIS 6402 at 9; State v. Charles (Oct. 22, 1999), Ashtabula App. No. 98-A-0043, unreported, 1999 Ohio App. LEXIS 4939 at 8; State v. Talani (Apr. 27, 1989), Cuyahoga App. No. 56436, unreported, 1989 Ohio App. LEXIS 1586; State v. Dunn (Oct. 7, 1987), Summit App. No. 13093, unreported, 1987 Ohio App. LEXIS 9074; State v.Drake (Apr. 15, 1987), Summit App. No. 12859, unreported, 1987 Ohio App. LEXIS 6449; 2 Katz Giannelli (1996), Section 44.8, 154. Accordingly, the sentence need not be vacated and remanded for re-sentencing due to appellant's waiver of the issue.
Assignments overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., and TIMOTHY E. McMONAGLE, P.J., CONCUR.
[1] An accelerated appeal is authorized pursuant to App.R. 11.1 and Loc.App.R. 11.1. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory decision. Crawford v.Eastland Shopping Mall Assn. (1983), 11 Ohio App.3d 158; App.R. 11.1(E).
[2] Given that this court permitted a delayed appeal herein, the appellant's use of the second denial (October 23, 2000) as the order appealed from is harmless. Instead, the correct order appealed from is technically the first denial of the motion to withdraw.