[Cite as *State v. Henderson*, 2011-Ohio-1791.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| STATE OF OHIO | : | Julie A. Edwards, P.J. |
|  | : | W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : | Case No. 10-COA-012 |
|  | : |  |
|  | : |  |
| TERRANCE HENDERSON | : | O P I N I O N |
| Defendant-Appellant |  |  |


CHARACTER OF PROCEEDING:     Criminal Appeal from Ashland County
                            Court of Common Pleas Case No.
                            06-CRI-130

JUDGMENT:                   Reversed and Remanded

DATE OF JUDGMENT ENTRY:     April 8, 2011

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

RAMONA FRANCESCONI ROGERS                 TERRANCE HENDERSON
Ashland County Prosecutor's Office        Inmate No. A530688
110 Cottage Street, Third Floor           Richland Correctional Institute
Ashland, Ohio  44805                      1001 Olivesburg Road
                                          P.O. Box 8107
PAUL T. LANGE                             Mansfield, Ohio  44901-8107
Assistant Prosecuting Attorney
110 Cottage Street, Third Floor
Ashland, Ohio  44805

*Edwards, P.J.*

{¶1} Defendant-appellant, Terrance Henderson, appeals from the April 27, 2010, Judgment Entry of the Ashland County Court of Common Pleas overruling his Motion to Correct Void Sentence. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On December 18, 2006, the Ashland County Grand Jury indicted appellant on one count of possession of marijuana in violation of R.C. 2925.11(A), a felony of the third degree. At the time of the offense, appellant was on post-release control.

{¶3} Subsequently, a jury trial commenced on May 8, 2007. The jury found appellant guilty as charged. Pursuant to a Judgment Entry filed on June 8, 2007, the trial court sentenced appellant to five years in prison. The trial court also terminated appellant's post-release control and ordered appellant to serve an additional six hundred fifty-nine (659) days consecutive to the five year sentence.

{¶4} Appellant then filed an appeal. Appellant, in his appeal, argued that the trial court erred in denying his Motion to Dismiss on speedy trial grounds, erred in denying his Motion to Suppress and that the verdict was against the manifest weight of the evidence. Pursuant to an Opinion filed on September 26, 2008, in *State v. Henderson*, Ashland Case No. 07COA031, 2008-Ohio-5007, this Court affirmed appellant's conviction and sentence.

{¶5} Thereafter, on November 10, 2009, appellant filed a Motion to Correct Void Sentence. Appellant, in his motion, argued that the 659 days of post release control sanction time imposed by the trial court stemmed from a previous conviction that appellant had in Lorain County Case No. 01CR058507. In the Lorain County case,

appellant was sentenced in 2002 after having pleaded guilty to domestic violence, felonious assault and child endangering. Appellant argued that post-release control was never properly imposed in the Lorain County case and that the Lorain County judgment was, therefore, void. On such basis, appellant argued that the trial court in the case sub judice lacked authority to issue a post release control sanction against appellant.

{¶6} In turn, appellee, in its response to appellant's motion, argued, in part, that appellant was on post-release control in numerous criminal cases other than the Lorain County case at the time he was sentenced in the case sub judice, including another case from Lorain County and cases from Richland and Crawford Counties. In his reply, appellant argued that each of the sentencing orders issued prior to the case sub judice were nullities because appellant had not been properly advised of post-release control in the cases that appellee cited to and that the sentencing entries were, therefore, void.

{¶7} As memorialized in a Judgment Entry filed on April 27, 2010, the trial court overruled appellant's motion.

{¶8} Appellant now raises the following assignment of error on appeal:

{¶9} "THE TRIAL COURT ERRED, CLAIMING THE CURRENT SENTENCING ORDER WAS PROPERLY ISSUED WITH POST RELEASE CONTROL SANCTION TIME."

I

{¶10} Appellant, in his sole assignment of error, argues that the trial court erred in overruling his Motion to Correct Void Sentence. We agree.

**{¶11}** As is stated above, appellant specifically contends that the trial court erred when, in the case sub judice, it imposed 659 day of post-release control time on appellant as prison time. Appellant argues that the trial court had no jurisdiction to do so because, in the cases in which he was on post-release control, appellant was not properly advised of post-release control. Appellant further maintains that therefore, "his current sentencing order is a nullity and void, since the trial court lacked jurisdiction to imposed (sic) the 659 days of post-release control sanction time from an order that previously never existed."

**{¶12}** R.C. 2929.14(F)(1) provides that if a court imposes a prison term for a felony, the sentence shall include a requirement that the offender be subject to a period of post-release control after the offender's release from imprisonment. R.C. 2929.19(B)(3) requires that the sentencing court notify the offender that the offender will be supervised under R.C. 2967.28 after the offender leaves prison. The Supreme Court of Ohio has interpreted these provisions as requiring a trial court to give notice of post-release control both at the sentencing hearing and by incorporating it into the sentencing entry. *State v. Jordan,* 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph one of the syllabus. The trial court must do so regardless of whether the term of post-release control is mandatory or discretionary. *Id.* at paragraph two of the syllabus; *Hernandez v. Kelly,* 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, ¶ 18.

**{¶13}** In *State v. Jordan* the Court further held that "[w]hen a trial court fails to notify an offender about post-release control at the sentencing hearing, but incorporates that notice into its journal entry imposing sentence, it fails to comply with the mandatory

provisions of R.C. 2929.19(B)(3)(c) and (d), and, therefore, the sentence must be vacated and the matter remanded to the trial court for resentencing." *Id.* at paragraph two of the syllabus.[1]

**{¶14}** "[T]he effect of vacating the sentence places the parties in the same position as they were had there been no sentence." *State v. Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, supra at paragraph 13 citing *Romito v. Maxwell* (1967), 10 Ohio St.2d 266, 267, 227 N.E.2d 223. Thus, the offender is entitled to a de novo sentencing hearing. *Id.*

**{¶15}** A trial court retains jurisdiction to correct a void sentence and is authorized to do so when its error is apparent. *State v. Jordan,* 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864 at paragraph 23. Res Judicata does not act to bar a trial court from correcting the error. *State v. Simpkins,* 117 Ohio St.3d 402, 2008-Ohio-1197, 884 N.E.2d 568, citing *State v. Ramey,* Franklin App. No. 06AP-245, 2006-Ohio-6429, at paragraph 12.

**{¶16}** In *State v. Fischer,* --- N.E.2d ----, 2010-Ohio-6238, syllabus, the Supreme Court of Ohio limited the nature of the de novo hearing as follows: "2. The new sentencing hearing to which an offender is entitled under *State v. Bezak* is limited to proper imposition of postrelease control. (*State v. Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, syllabus, modified)." Thus, as stated by the *Fischer* court in paragraph two of the syllabus, the new sentencing hearing is limited to the proper imposition of postrelease control.

---

[1] We note that R.C. 2929.121 sets forth a procedure for correcting a sentence that fails to properly impose post-release control. However, such statute only applies to sentences entered on or after July 11, 2006. *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958. The statute would not apply to appellant's Richland, Crawford and Lorain County sentences.

{¶17} In the case sub judice, appellant was on post-release control in cases out of Richland, Crawford and Lorain Counties at the time he was sentenced in the case sub judice. Appellant now contends that the entries in such cases mistakenly advised him of post-release control and, therefore, such entries were void. Appellant further maintains that, therefore, the trial court in the case sub judice lacked jurisdiction to impose the 659 days of post-release control as additional prison time.

{¶18} In the case sub judice, appellant was sentenced in July of 2002, in Richland County Case No. 01 CR 018OH after being convicted of illegal conveyance of drugs in violation of R.C. 2921.36(A)(2), a felony of the fourth degree. The Court's Sentencing Entry in such case indicated that appellant was subject to "up to 5 years post-release control (PRC)." The parties, and the trial court in the case sub judice, agree that a fourth degree felony pursuant to R.C. 2967.28 is subject to post-release control of up to three years rather than five. Because appellant was improperly advised of post-release control in such case, his sentence in such case was void as it related to post-release control.

{¶19} Appellant also was sentenced in April of 2002, in Crawford County Case No. 01-CR-0075 after being convicted of assault of a police officer in violation of R.C. 2903.13, a felony of the fourth degree, and attempted failure to comply in violation of R.C. 2923.02/2921.331, a felony of the fourth degree. The trial court's entry in such case indicates that appellant was notified that "post-release control is optional in this case up to a maximum of eighteen months on each count." As is stated above, pursuant to R.C. 2967.28, fourth degree felonies are subject to up to three years of post-release control. Appellant, therefore, was improperly advised of post-release

control in such case. His sentence in Crawford County Case No. 01-CR-0075 was, therefore, void as it relates to post-release control.

{¶20} In Lorain County Case No. 01CR057450, appellant, in June of 2002, was sentenced for possession of cocaine in violation of R.C. 2925.11(A), a felony of the fifth degree, and possession of drug paraphernalia in violation of 2925.14(C)(1), a misdemeanor of the fourth degree. The trial court's Judgment Entry in such case states that appellant was notified "that post-release control is (mandatory optional) in this case up to a maximum of (3/5) years…" R.C. 2967.28(C) states that, for a conviction of a fifth degree felony an offender may be subject to a period of post-release control of up to three years. Appellant, therefore, was not properly advised about post-release control in such case.

{¶21} Finally, appellant was sentenced in 2002, in Lorain County Case No. 01CR058029 for domestic violence in violation of R.C. 2919.25(A), a felony of the fifth degree. The trial court, in its Judgment Entry in such case, stated that if it had notified appellant that post-release was "(mandatory/optional) in this case up to a maximum of (3/5) year…" R.C. 2967.28(C) states that with respect to a fifth degree felony, an offender is subject to up to three years of post-release control. Appellant, therefore, was improperly advised of post-release control in such case.

{¶22} In short, we find that the trial courts' entries in the above cases out of Richland, Lorain and Crawford Counties did not properly advise appellant regarding post-release control. The sentences in such cases were void as they relate to post-release control. The trial court, in the case sub judice, therefore, erred in imposing the remaining 659 days of post-release control time as additional prison time on appellant.

{¶23} Because the trial court in the case sub judice, therefore, erred in overruling appellants Motion to Correct Void Sentence, appellant's sole assignment of error is sustained.

{¶24} Accordingly, the judgment of the Ashland County Court of Common Pleas is reversed and this matter is remanded for resentencing.

By: Edwards, P.J.

Delaney, J. concurs and

Gwin, J. dissents

_____

_____

_____

              JUDGES

JAE/d1119

*Gwin, P.J., dissents*

**{¶25}** I respectfully dissent from the majority's opinion and would affirm the judgment of the Ashland County Court of Common Pleas, but for different reasons.

**{¶26}** I begin my analysis by noting a reviewing court is not authorized to reverse a correct judgment merely because it was reached for the wrong reason. *State ex rel. Sawicki v. Court of Common Pleas of Lucas Cty*, 121 Ohio St.3d 507, 905 N.E.2d 1192, 2009 -Ohio- 1523 at ¶ 21; *State v. Lozier* (2004), 101 Ohio St.3d 161, 166, 2004-Ohio-732 at ¶46, 803 N.E.2d 770, 775. [Citing State *ex rel. McGinty v. Cleveland City School Dist. Bd. of Edn.* (1998), 81 Ohio St.3d 283, 290, 690 N.E.2d 1273]; *Helvering v. Gowranus* (1937), 302 U.S. 238, 245, 58 S.Ct. 154, 158.

**{¶27}** The Supreme Court explained the difference between a sentence that is "void" from one that is "voidable." "A void sentence is one that a court imposes despite lacking subject-matter jurisdiction or the authority to act. *State v. Wilson* (1995), 73 Ohio St.3d 40, 44. Conversely, a voidable sentence is one that a court has jurisdiction to impose, but was imposed irregularly or erroneously. *State v. Filiaggi* (1999), 86 Ohio St.3d 230, 240." *State v. Payne,* 114 Ohio St.3d 502, 2007-Ohio-4642 at ¶20.

**{¶28}** In the case at bar, the Ashland County Court of Common Pleas had subject matter jurisdiction and personal jurisdiction over appellant in order to impose post release control when sentencing him. By statute the Ashland County Court of Common Pleas was authorized to impose the unexpired term of appellant's post release control even though the post release control had been imposed by a court outside of Ashland County. R.C. 2929.141 provides in relevant part:

**{¶29}** "(A) Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of post-release control, and the court may do either of the following *regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control*:

**{¶30}** "(1) In addition to any prison term for the new felony, impose a prison term for the post-release control violation. The maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control sanction. A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. The imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony.

**{¶31}** "* * *." (Emphasis added).

**{¶32}** In *State v. Singleton,* 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, paragraph one of the syllabus, the Ohio Supreme Court recently held that "[f]or criminal sentences imposed prior to July 11, 2006, in which a trial court failed to properly impose post release control, trial courts shall conduct a *de novo* sentencing hearing in accordance with decisions of the Supreme Court of Ohio."

**{¶33}** In reviewing decisions where post release control was lacking, the *Singleton* court noted:

**{¶34}** "In *State v. Jordan,* 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, this court considered the consequences of a trial court's failure to advise an offender about post release control at the sentencing hearing. *Id.* at ¶ 1, 817 N.E.2d 864. Applying [*State v. Beasley* (1984), 14 Ohio St.3d 74, 471 N.E.2d 774], we held that '[b]ecause a trial court has a statutory duty to provide notice of post release control at the sentencing hearing, any sentence imposed without such notification is contrary to law' and void, *and the cause must be remanded for resentencing. Id.* at ¶ 23, 27, 471 N.E.2d 774. (Emphasis added).

**{¶35}** "We again confronted a sentencing court's failure to notify or incorporate post release control into its sentencing entry in *Hernandez v. Kelly,* 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301; however, in that case, discovery of the sentencing error did not occur until after the offender had been released from prison, placed on post release control by the parole board, and re-imprisoned for violating the terms of post release control. *Id.* at ¶ 4-7, 844 N.E.2d 301. There, we granted a writ of habeas corpus in conformity with our decisions in *Jordan* and [*Woods v. Telb,* 89 Ohio St.3d 504, 2000-Ohio-171, 733 N.E.2d 1103], holding that the parole board lacked authority to impose post release control because the trial court had failed to notify the offender of post release control or to incorporate it into the sentencing entry and because *Hernandez* had completed serving that sentence when the error was discovered. *Id.* at ¶ 32, 844 N.E.2d 301.

**{¶36}** "* * *

**{¶37}** "In *State v. Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, we concluded that an offender is entitled to a *de novo* sentencing hearing for the trial

court *to correct a sentence that omitted notice of post release control.* (Emphasis added) * * * Importantly, because Bezak had already completed his term of imprisonment, the trial court could not, consistent with our decision in *Hernandez* * * * conduct a resentencing.

{¶38} " * * *

{¶39} "Most recently, in *State v. Bloomer,* 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, we * * * held that when a court fails to impose post release control before an offender completes the stated term of imprisonment, under either our case law or R.C. 2929.191, the offender must be discharged, ¶ 69-71." *Singleton* at ¶ 14-18, 20, 909 N.E.2d 1254. See also, *State v. Atkinson*, Cuyahoga App. No. 93855, 2010-Ohio-2783.

{¶40} Finally, the Ohio Supreme Court in *State v. Fischer,* Slip Opinion No. 2010-Ohio-6238, limited its holding in *Bezak* and concluded that the defendant is only entitled to a hearing for the proper imposition of post release control. Accordingly, appellant may not raise new issues, or issues he had previously raised on his direct appeal.  See also, *State v. Ketterer,* 126 Ohio St.3d 448, 935 N.E.2d 9, 2010-Ohio-3831.

{¶41} According to the Supreme Court's line of cases, appellant's remedy for not being properly advised concerning post-release controls would be to vacate and remanded the cases for resentencing. The sentencing decision from which appellant has filed this appeal was rendered by the Ashland County Court of Common Pleas on June 8, 2007. But, appellant is, in reality, collaterally attacking the judgments of the Court of Common Pleas of Richland, Crawford and Lorain Counties.

{¶42} A court's subject-matter jurisdiction comprehends its power to grant relief in justiciable matters. The subject-matter jurisdiction of the courts of common pleas and their divisions is established by statute. Section 4(B); Article IV; *Mattone v. Argentina* (1931), 123 Ohio St. 393, 175 N.E. 603. Being courts of general jurisdiction, the common pleas courts have subject-matter jurisdiction in all civil and criminal actions on claims for relief that arise *in the county in which the court sits*, except for those actions in which subject-matter jurisdiction is conferred by statute on another court exclusively.

{¶43} Additionally, the Ohio Constitution grants courts of appeals "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals *within the district*." Section 3, Article IV, Ohio Constitution. (Emphasis added). Our jurisdiction is therefore limited to that provided by statute; the provision that grants us jurisdiction in most instances is R.C. 2501.02, which provides that "the court [of appeals] shall have jurisdiction upon an appeal upon questions of law to review, affirm, modify, set aside, or reverse judgments or final orders of courts of record inferior to the court of appeals *within the district*." (Emphasis added).

{¶44} The Ashland County Court of Common Pleas was therefore without jurisdiction to declare the judgments of the Courts of Common Pleas of Crawford, Lorain and Richland Counties void. I likewise note that, since Crawford and Lorain Counties do not lie within our territorial jurisdiction, this Court does not have the ability to review a final judgment of the Crawford or Lorain County Court of Common Pleas.

{¶45} Appellant's remedy for any sentence he claims lacks the proper imposition of post release control is to request from the trial court that issued the sentence either:

1) a *de novo* sentencing hearing as mandated in *State v. Singleton,* 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958; or 2). for a sentence entered on or after July 11, 2006, a hearing in accordance with R.C. 2929.191[2].

**{¶46}**   Accordingly, I would affirm the judgment of the Ashland County Court of Common Pleas, albeit for different reasons.

_____
HON. W. SCOTT GWIN

---

[2] R.C. 2929.191 applies prospectively to sentences entered on or after July 11, 2006, which lack proper imposition of post release control. A trial court may correct those sentences in accordance with the procedures set forth in that statute." *Singleton* at 182, 920 N.E.2d at 966, 2009-Ohio-6434 at ¶ 35.

[Cite as *State v. Henderson*, 2011-Ohio-1791.]

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| TERRANCE HENDERSON | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 10-COA-012 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Ashland County Court of Common Pleas is reversed and this matter is remanded for resentencing.  Costs assessed to appellee.

_____

_____

_____

JUDGES