[Cite as *State v. Henderson*, 2012-Ohio-2709.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | Case No. 11-COA-045 |
| TERRANCE C. HENDERSON | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Ashland County Common
Pleas, Trial Court Number 06-CRI-130

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    June 14, 2012

APPEARANCES:

For Plaintiff-Appellee    For Defendant-Appellant

RAMONA FRANCESCONI ROGERS    ERIN N. POPLAR
Ashland County Prosecutor    Erin Poplar Law, LLC
110 Cottage Street, Third Floor    1636 Eagle Way
Ashland, Ohio 44805    Ashland, Ohio 44805

PAUL T. LANGE
Assistant Prosecuting Attorney
110 Cottage Street, Third Floor
Ashland, Ohio 44805

*Hoffman, J.*

{¶1} Defendant-appellant Terrance C. Henderson appeals his sentence entered by the Ashland County Court of Common Pleas. Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE CASE[1]

{¶2} On December 18, 2006, the Ashland County Grand Jury indicted Appellant on one count of possession of marijuana, in violation of R.C. 2925.11(A). On May 2, 2007, Appellant filed a motion to dismiss based on speedy trial grounds. By Judgment Entry filed May 7, 2007, the trial court denied the motion.

{¶3} On May 8, 2007, a jury trial commenced. The jury found Appellant guilty as charged. By Judgment Entry filed June 8, 2007, the trial court sentenced Appellant to five years in prison, revoked his post-release control, and ordered Appellant to serve an additional six hundred fifty-nine days consecutive to the five year sentence.

{¶4} Appellant filed a direct appeal in *State v. Henderson*, Licking App. No. 07C0A031, 2008-Ohio-5007. This Court affirmed Appellant's conviction and sentence holding:

{¶5} "At the time of his arrest on the indictment sub judice, December 27, 2006, appellant was under the supervision of the Adult Parole Authority, and a holder was placed on him. On January 23, 2007, appellant was sent to prison for violating the terms of his post-release control. He remained in prison on the violation until March 16, 2007. Thereafter, he was returned to the Ashland County Jail.

---

[1] A recitation of the statement of facts is unnecessary to our disposition of Appellant's appeal.

{¶6} "We note the trial court did not hold a hearing on the motion to dismiss. The trial court stated it had 'fully reviewed the pleadings and Ohio Revised Code Section 2945.71.' The trial court made the following calculations in fn. 1:

{¶7} "'March 14, 2006 to March 16, 2006 (3 days in jail counted as 3 days each for 9 days); December 27, 2006 to March 15, 2007 (79 days in jail or prison on post-release control violation counted at actual time of 79 days); and March 16, 2007 through May 8, 2007 (54 days in jail counted as 3 days each for a total of 162 days); less February 20, 2007 through March 27, 2007 during which the Defendant's Motion to Suppress Evidence was pending (36 days).'

{¶8} "We find the times of incarceration to be established by the record of transport in the file, and the trial court was correct in its calculations."

{¶9} On November 10, 2009, Appellant filed a motion to correct a void sentence, arguing the 659 day post-release control sanction imposed by the trial court stemmed from a previous conviction in Lorain County. Appellant argued the post-release control was never properly imposed in the Lorain County case; therefore, the sentence was void. The trial court denied the motion to vacate sentence. Appellant filed an appeal to this Court, arguing the trial court had no jurisdiction because, in the cases in which he was on post-release control, he was not properly advised of post-release control. Appellant further maintained, "his current sentencing order is a nullity and void, since the trial court lacked jurisdiction to imposed (sic) the 659 days of post-release control sanction time from an order that previously never existed."

{¶10} As set forth previously, this Court reversed the trial court's decision, and remanded the matter for resentencing. *State v. Henderson*, Ashland App. No. 10-COA-012, 2011-Ohio-1791.

{¶11} On September 30, 2011, the trial court conducted a resentencing hearing. Via Judgment Entry of October 6, 2011, the trial court resentenced Appellant to five years in prison, and ordered Appellant pay court costs.

{¶12} On November 30, 2011, Appellant filed a motion for additional jail time credit, and the State filed a response on December 13, 2011. The trial court, via Judgment Entry of December 21, 2011, indicated Appellant had filed a notice of appeal with this Court from the September 30, 2011 resentencing. Therefore, the trial court correctly held it lacked jurisdiction to address Appellant's motion for additional jail time credit.

{¶13} Appellant now appeals, assigning as error:

{¶14} "I. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO DISMISS BECAUSE HIS RIGHT TO A SPEEDY TRIAL WAS VIOLATED.

{¶15} "II. IN THE ALTERNATIVE, THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION FOR ADDITIONAL JAIL-TIME CREDIT.

{¶16} "III. IN THE ALTERNATIVE, THE TRIAL COURT ERRED WHEN IT FAILED TO SENTENCE APPELLANT PURSUANT TO AND CONSISTENT WITH HOUSE BILL 86.

{¶17} "IV. IN THE ALTERNATIVE, THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION TO WAIVE COURT COSTS."

I.& II.

{¶18} Appellant's first and second assignments of error raise common and interrelated issues; therefore, we will address the arguments together.

{¶19} Appellant maintains he was denied his right to a speedy trial as the time he spent in jail between December 27, 2006, and March 15, 2007, should count three per one as he was being held on a post-release control violation subsequently found to be void. As a result, Appellant argues he was brought to trial in violation of his right to a speedy trial.

{¶20} In the alternative, Appellant argues the time period he was held on the post-release control violations in the unrelated cases, which were later found to be void, should be credited to the time served in the sentence at bar.

{¶21} R.C. 2945.71 provides,

{¶22} "(A) Subject to division (D) of this section, a person against whom a charge is pending in a court not of record, or against whom a charge of minor misdemeanor is pending in a court of record, shall be brought to trial within thirty days after the person's arrest or the service of summons.

{¶23} "(B) Subject to division (D) of this section, a person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial as follows:

{¶24} "(1) Within forty-five days after the person's arrest or the service of summons, if the offense charged is a misdemeanor of the third or fourth degree, or other misdemeanor for which the maximum penalty is imprisonment for not more than sixty days;

**{¶25}** "(2) Within ninety days after the person's arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days.

**{¶26}** "(C) A person against whom a charge of felony is pending:

**{¶27}** "(1) Notwithstanding any provisions to the contrary in Criminal Rule 5(B), shall be accorded a preliminary hearing within fifteen consecutive days after the person's arrest if the accused is not held in jail in lieu of bail on the pending charge or within ten consecutive days after the person's arrest if the accused is held in jail in lieu of bail on the pending charge;

**{¶28}** "(2) Shall be brought to trial within two hundred seventy days after the person's arrest.

**{¶29}** "(D) A person against whom one or more charges of different degrees, whether felonies, misdemeanors, or combinations of felonies and misdemeanors, all of which arose out of the same act or transaction, are pending shall be brought to trial on all of the charges within the time period required for the highest degree of offense charged, as determined under divisions (A), (B), and (C) of this section.

**{¶30}** "(E) For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. This division does not apply for purposes of computing time under division (C)(1) of this section.

**{¶31}** "(F) This section shall not be construed to modify in any way section 2941.401 or sections 2963.30 to 2963.35 of the Revised Code."

**{¶32}** This Court held in Appellant's previous appeal of the trial court's imposition of post-release control, *State v. Henderson*, Ashland Co. 11-COA-012, 2011-Ohio-1791,

**{¶33}** "In *State v. Fischer,* 942 N.E.2d 332, 2010–Ohio–6238, syllabus, the Supreme Court of Ohio limited the nature of the de novo hearing as follows: '2. The new sentencing hearing to which an offender is entitled under *State v. Bezak* is limited to proper imposition of postrelease control. (*State v. Bezak,* 114 Ohio St.3d 94, 2007–Ohio–3250, 868 N.E.2d 961, syllabus, modified).' Thus, as stated by the *Fischer* court in paragraph two of the syllabus, the new sentencing hearing is limited to the proper imposition of postrelease control.

**{¶34}** "In the case sub judice, appellant was on post-release control in cases out of Richland, Crawford and Lorain Counties at the time he was sentenced in the case sub judice. Appellant now contends that the entries in such cases mistakenly advised him of post-release control and, therefore, such entries were void. Appellant further maintains that, therefore, the trial court in the case sub judice lacked jurisdiction to impose the 659 days of post-release control as additional prison time.

**{¶35}** "In the case sub judice, appellant was sentenced in July of 2002, in Richland County Case No. 01 CR 018OH after being convicted of illegal conveyance of drugs in violation of R.C. 2921.36(A)(2), a felony of the fourth degree. The Court's Sentencing Entry in such case indicated that appellant was subject to 'up to 5 years post-release control (PRC).' The parties, and the trial court in the case sub judice, agree that a fourth degree felony pursuant to R.C. 2967.28 is subject to post-release control of up to three years rather than five. Because appellant was improperly advised of post-

release control in such case, his sentence in such case was void as it related to post-release control.

{¶36} "Appellant also was sentenced in April of 2002, in Crawford County Case No. 01–CR–0075 after being convicted of assault of a police officer in violation of R.C. 2903.13, a felony of the fourth degree, and attempted failure to comply in violation of R.C. 2923.02/2921.331, a felony of the fourth degree. The trial court's entry in such case indicates that appellant was notified that 'post-release control is optional in this case up to a maximum of eighteen months on each count.' As is stated above, pursuant to R.C. 2967.28, fourth degree felonies are subject to up to three years of post-release control. Appellant, therefore, was improperly advised of post-release control in such case. His sentence in Crawford County Case No. 01–CR–0075 was, therefore, void as it relates to post-release control.

{¶37} "In Lorain County Case No. 01 CR057450, appellant, in June of 2002, was sentenced for possession of cocaine in violation of R.C. 2925.11(A), a felony of the fifth degree, and possession of drug paraphernalia in violation of 2925.14(C)(1), a misdemeanor of the fourth degree. The trial court's Judgment Entry in such case states that appellant was notified 'that post-release control is (mandatory optional) in this case up to a maximum of (3/5) years ...' R.C. 2967.28(C) states that, for a conviction of a fifth degree felony an offender may be subject to a period of post-release control of up to three years. Appellant, therefore, was not properly advised about post-release control in such case.

{¶38} "Finally, appellant was sentenced in 2002, in Lorain County Case No. 01 CR058029 for domestic violence in violation of R.C. 2919.25(A), a felony of the fifth

degree. The trial court, in its Judgment Entry in such case, stated that if it had notified appellant that post-release was '(mandatory/optional) in this case up to a maximum of (3/5) year ...' R.C. 2967.28(C) states that with respect to a fifth degree felony, an offender is subject to up to three years of post-release control. Appellant, therefore, was improperly advised of post-release control in such case.

{¶39} "In short, we find that the trial courts' entries in the above cases out of Richland, Lorain and Crawford Counties did not properly advise appellant regarding post-release control. The sentences in such cases were void as they relate to post-release control. The trial court, in the case sub judice, therefore, erred in imposing the remaining 659 days of post-release control time as additional prison time on appellant.

{¶40} "Because the trial court in the case sub judice, therefore, erred in overruling appellants Motion to Correct Void Sentence, appellant's sole assignment of error is sustained."

{¶41} As set forth in the Statement of the Case, supra, in the previous appeal of the calculation of Appellant's sentence, this Court specifically recognized the time period Appellant spent in prison between December 27, 2006 and March 15, 2007 was correctly counted by the trial court as time spent in prison on a post-release control violation.

{¶42} To reiterate as set forth above, subsection (E) of R.C. 2945.71 states, "each day during which the accused is held in jail in lieu of bail *on the pending charge* shall be counted as three days." (Emphasis added.)

{¶43} Here, although it was later determined the post-release control violations for which Appellant was held in the unrelated cases were void, at the time Appellant

was imprisoned during the time period between December 27, 2006, and March 15, 2007, he nonetheless was not being held on the "pending" charges. Therefore, we find the trial court did not err in sentencing Appellant.

{¶44} The first and second assignments of error are overruled.

III.

{¶45} In the third assignment of error, Appellant maintains the trial court erred in not applying the provisions of the recently enacted H.B. 86 at Appellant's resentencing. H.B. 86 became effective September 30, 2011.

{¶46} As set forth above, this Court previously remanded this matter to the trial court for resentencing on the limited issue of post-release control. Pursuant to *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238,

{¶47} "In this situation, the postrelease-control component of the sentence is fully capable of being separated from the rest of the sentence as an independent component, and the limited resentencing must cover only the postrelease control. It is only the postrelease-control aspect of the sentence that is void and that must be rectified. The remainder of the sentence, which the defendant did not successfully challenge, remains valid under the principles of res judicata."

{¶48} Accordingly, we find the remainder of Appellant's sentence remained valid, and the resentencing was limited to the proper imposition of PRC on remand.

{¶49} R.C. Section 1.58(B) states,

{¶50} "If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended."

**{¶51}** Here, Appellant's sentence had already been imposed prior to the enactment of H.B. 86; therefore, the trial court did not err in not applying the amendments therein.  See, *State v. Fields,* Muskingum App. No. CT11-0037, 2011-Ohio-6044

**{¶52}**  The third assignment of error is overruled.

IV.

**{¶53}**  In the fourth assignment of error, Appellant argues the trial court erred in denying Appellant's motion to waive court costs.

**{¶54}**  As set forth in our analysis and disposition of Appellant's third assignment of error, this Court previously remanded this matter to the trial court for resentencing on the limited issue of post-release control application.  Accordingly, pursuant to *Fischer*, supra, the arguments raised in the fourth assignment of error are barred by the doctrine of res judicata.

**{¶55}**  The fourth assignment of error is overruled.

**{¶56}**  Appellant's sentence in the Ashland County Court of Common Pleas is affirmed.

By: Hoffman, J.

Delaney, P.J.  and

Wise, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY


s/ John W. Wise_____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee               :
                                       :
-vs-                                   :           JUDGMENT ENTRY
                                       :
TERRANCE C. HENDERSON                  :
                                       :
    Defendant-Appellant              :           Case No. 11-COA-045


For the reasons stated in our accompanying Opinion, the judgment entered by the Ashland County Court of Common Pleas is affirmed. Costs to Appellant.



s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY


s/ John W. Wise_____
HON. JOHN W. WISE